### C. H. BEACHAM, JR., v. J. D. WITHERS ET AL.

Decided May 11, 1901.

**1.—Costs—Collection from Winning Party.**
      Where the costs of suit can not be collected from the party against which they are finally adjudged, an execution may, under the statute, issue against any party to the suit for the costs incurred by such party, but not until proper diligence has been used, as by issuance of execution, to collect from the party against which the costs of suit were adjudged. Rev. Stats., art. 2491.

**2.—Same—Officer Estopped by Negligence.**
      Where a defendant was liable for certain costs, and at the termination of the suit the constable had in his possession by virtue of a distress warrant issued in the case certain property of the defendant which he could have subjected to the payment of such costs, and he delivered the property back to the defendant, he was thereby estopped from claiming such costs from the plaintiff.

Appeal from the County Court of Hopkins. Tried below before Hon. H. C. Connor.

*V. M. Clark,* for appellant.

*King & Allen,* for appellees.

RAINEY, CHIEF JUSTICE.—This is an injunction suit, brought by appellant to enjoin appellee sheriff of Hopkins County, from enforcing an execution issued on a judgment for costs wherein appellant was plaintiff and one Johnson defendant. The court below, on the hearing

of the case, dissolved the injunction, from which this appeal is prosecuted.

The facts show that the appellant brought suit against one Johnson for rent, and caused a distress warrant to issue and be levied on certain property, corn and cotton, of the said Johnson. An agreed judgment was rendered, dismissing the suit, and that each party pay all costs by them incurred, "except that judgment be rendered against the defendant for all costs therein incurred for gathering and caring for the crop distrained herein." At the time of the rendition of this judgment, D. E. Culpepper, a constable in and for Hopkins County, and in whose behalf the execution herein sought to be enjoined was issued, held possession of the corn and cotton by virtue of the distress warrant, which property was of value greater than the amount of cost claimed, that is, the amount adjudged against the defendant Johnson. After the rendition of the judgment, said constable voluntarily delivered the corn and cotton to the defendant Johnson. The constable never made any demand or attempt in any way, at any time, to collect the cost claimed from defendant Johnson. The execution sought to be enjoined was issued to Hopkins County and levied upon the land belonging to defendant, and said land was advertised to be sold thereunder.

The first question that arises is, whether or not, after final judgment rendered adjudging cost against a party, an officer is entitled to have execution for his cost against the opposite party at whose instance the cost was incurred before an attempt to collect it from the party against whom it was adjudged in the final judgment?

Article 2941, Revisted Statutes, provides: "Each party to a suit shall be liable for all costs incurred by him, and in case the costs can not be collected of the party against whom the same has been adjudged, execution may issue against any party in such suit for the amount of costs incurred by such party, but no more." This article contemplates that the party to whom costs are due shall first use proper diligence to collect it from the party against whom it is adjudged, before it can be demanded of the opposite party who incurred it. The insolvency of the party against whom cost is adjudged might excuse the failure to make an effort to collect from him. There being no effort made to collect from Johnson, and it not being shown that he was insolvent, the execution was wrongfully issued, and said injunction should have been perpetuated.

We are further of the opinion that the constable is not in an attitude to demand of appellant the costs sought to be collected. When the suit was dismissed, he had property of Johnson's in his possession, and by the use of proper diligence he could have subjected it to the payment of said cost, and failing to do so, he is estopped from now claiming it of the appellant. Under the facts as presented the court erred is not rendering judgment for appellant. The judgment is therefore reversed and here rendered for appellant.

*Reversed and rendered.*