DOSS et al. v. CHAMBERS et al. (No. 5706.)

(Court of Civil Appeals of Texas. Austin. Nov. 1, 1916.)

1. COSTS. ⚫═══93—TAXATION — APPEAL—SUCCESSFUL PARTY.

In civil cases the general rule is that, when an appellant obtains judgment in the appellate court on the merits in his favor, he also obtains judgment against his adversary for all the costs; but, if no costs can be collected from the adverse party, the appellant is liable to all court officials for costs incurred by him.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 369–375, 384–387; Dec. Dig. ⚫═══93.]

2. COSTS ⚫═══93—TAXATION AGAINST SUCCESSFUL PARTY.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 3067, providing that costs in all contested election cases shall be taxed according to laws governing costs in civil cases, where the contestant secures a judgment on appeal in his favor, and although the costs cannot be collected against the contestees, the contestant can be taxed only with the costs incurred by him.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 369–375, 384–387; Dec. Dig. ⚫═══93.]

Appeal from District Court, Milam County; J. C. Scott, Judge.

On motions for rehearing by defendants and by plaintiffs. Defendants' motion overruled, and plaintiffs' motion granted.

For former opinion, see 188 S. W. 260.

Morrison & Lewis, of Cameron, for appellants. J. W. Garner and E. A. Camp, both

of Rockdale, and E. A. Wallace, of Cameron, for appellees.

KEY, C. J. Appellees have presented a motion for rehearing, which has been duly considered and is overruled. The main questions therein presented were sufficiently discussed in our former opinion.

Appellants have also filed a motion for rehearing, which complains of that part of the judgment of this court which taxes all the costs against them, and we have reached the conclusion that their complaint is well founded, and that our judgment in that respect is erroneous. The cases cited in our former opinion do not go to the extent of holding that in cases of this kind it is proper to tax all the costs against the successful litigant. It is provided by statute (Vernon's Sayles' Ann. Civ. St. 1914, art. 3067) that:

"The costs in all contested election cases shall be taxed according to the laws governing costs in civil cases, except when otherwise specially provided."

[1] The general rule in civil cases is that, when an appellant obtains a judgment in the appellate court deciding the case on its merits in his favor, he also obtains a judgment against his adversary for all the costs; but, if no costs can be collected from the adverse party, he is liable to the officers of the several courts for the costs incurred by him. As to contested elections, where the adverse party is certain county officers designated by statute, as in this case, then it is provided by statute that no costs shall be taxed against such contestees. But no statute has been cited, and we have found none, which provides that, in the contingency just referred to, any other costs should be taxed against the successful litigant, except those incurred by him.

[2] So we conclude that no authority exists for taxing against appellants any costs, except those incurred by them, and the judgment rendered by this court will be reformed in that respect. It may be true that our ruling in this regard will result in depriving some of the officers of some of their costs; but that affords no sufficient reason for taxing such costs against a litigant who has been compelled to go into court to secure the rights he was entitled to under the law. The law makes him responsible for such costs as were incurred at his instance, but it does not require him to pay the costs incurred at the instance of his adversary; and therefore the result may be, as it is in some other instances, that certain officers will receive no compensation for services they have rendered. But it must be borne in mind that they do not render such services for the litigant who is finally successful, that the Legislature has the power to require officers to render certain services without compensation, and it accomplished that result when it expressly declared that in cases of this kind no costs should be taxed against the contestees, and failed to provide for their payment by the government.

Motion granted.