INTERNATIONAL SHOE COMPANY *v*. PINKUS.

Opinion delivered March 21, 1927.

1. INSOLVENT DEBTOR—EFFECT OF APPOINTMENT OF RECEIVER.—The effect of the appointment of a receiver of an insolvent debtor, under Crawford & Moses' Dig., §§ 5885-5893, is the same as if the debtor had made an assignment for the benefit of his creditors.

2. BANKRUPTCY—EFFECT OF PETITIONING FOR APPOINTMENT OF RECEIVER.—Filing a petition in the chancery court by a debtor is an act of bankruptcy within the Federal Bankruptcy Law.

3. BANKRUPTCY—JURISDICTION.—The Federal bankruptcy court does not obtain jurisdiction of the estate of a debtor in the absence either of a voluntary petition by the debtor or a petition by creditors as provided by law.

4. BANKRUPTCY—STATE INSOLVENCY LAWS.—The Federal Bankruptcy Act does not abrogate or repeal the insolvency laws of a State, but merely suspends its operation in so far as the State statute comes in conflict.

5. BANKRUPTCY—STATE INSOLVENCY ACT.—Unless creditors of an insolvent take action to give the bankruptcy court jurisdiction, a proceeding in the State court, under Crawford & Moses' Dig.,

§§ 5885-5893, for the appointment of a receiver for an insolvent debtor, is valid.

6. BANKRUPTCY—JURISDICTION.—Jurisdiction of the Federal Bankruptcy Court in bankruptcy matters is exclusive when properly invoked in the administration of the affairs of insolvent debtors.

7. BANKRUPTCY—JURISDICTION.—Even though the State chancery court has jurisdiction, under Crawford & Moses' Dig., §§ 5885-5893, to declare an insolvent debtor a bankrupt, it cannot prevent either resident or nonresident creditors from invoking the jurisdiction of the Federal Bankruptcy Court under the Bankruptcy Act (U. S. Comp. Stat., § 9585 *et seq.*).

8. BANKRUPTCY—DISPOSITION OF PROPERTY FOR CREDITORS' BENEFIT.—The fact that an insolvent debtor may go into the bankruptcy court, or be forced there by his creditors, does not prevent him from disposing of his property where the jurisdiction of that court is not properly invoked.

Appeal from Chicot Chancery Court; *E. G. Hammock*, Chancellor; affirmed.

*Streett & Burnside*, for appellant.

*Golden & Golden, E. E. Hopson* and *N. B. Scott*, for appellee.

MEHAFFY, J.   The appellant filed its complaint in the chancery court of Chicot County, alleging that it was a corporation legally organized and doing an interstate business; that its transaction with Pinkus constituted interstate commerce, and that it was authorized to maintain the suit; that the defendant, I. Pinkus, and the garnishees, M. A. Threet, M. A. Threet as receiver, Sam Dessent, Bank of Dermott, and Exchange Bank & Trust Company were all citizens and residents of the State of Arkansas, the last two being banking corporations. It alleged that, on the 24th day of August, 1925, it obtained judgment against I. Pinkus in the common pleas court of Chicot County for $463.43, with interest from December 9, 1924, at the rate of 6 per cent. per annum, and for all costs. That no part of said judgment has been paid; that an execution was issued against the property of Pinkus, and the sheriff reported that he was unable to find any property of the defendant upon which to levy. It further alleged that the garnishee, M. A. Threet, and

M. A. Threet as receiver, has in his possession and control said moneys, property of defendant Pinkus, acquired by the sale of merchandise and fixtures belonging to Pinkus under certain proceedings now pending in the Chicot Chancery Court, wherein I. Pinkus was plaintiff and Ed Cannon and other creditors of the said Pinkus, including the plaintiff herein, are defendants, instituted under and by virtue of act 48 of the Acts of the General Assembly for 1897, being now §§ 5885 to 5893, inclusive, of Crawford & Moses' Digest. That all proceedings of the Chicot Chancery Court under the State statute are void, because the insolvency laws of the State were suspended by the bankrupt act; that the moneys now held by Threet, individually or as receiver, belong to I. Pinkus, and are subject to the payment of judgment in favor of plaintiff; that the said Threet, individually and as receiver, has said moneys deposited in one or both of the banks named as garnishees; that Sam Dessent owes Pinkus certain sums of money arising from sale and purchase of merchandise and fixtures.

Plaintiff attached interrogatories to be answered under oath by each of the garnishees. Plaintiff attaches a copy of the judgment in the common pleas court, the return of the sheriff, and the petition of defendant, Pinkus, to be declared an insolvent, and for the appointment of a receiver; also shows the exhibits attached to the petition. Plaintiff also attaches, as an exhibit, the decree and orders of the chancery court. Plaintiff also exhibits the transcripts of the answer of Threet as receiver, showing the amount realized from the sale of the store and fixtures belonging to I. Pinkus. Exchange Bank & Trust Company also filed answer to interrogatories, which were exhibited with plaintiff's complaint. Defendants filed demurrers to plaintiff's complaint, and the court sustained the demurrers and dismissed plaintiff's complaint.

It is contended by the appellant, first, that the Federal bankrupt act of 1898 superseded and suspended the

insolvency laws of the State of Arkansas, in so far as the instant case is concerned, and that the proceedings attempted to be had thereunder in this case are *coram non judice,* and void, second, that, if the chancery court had jurisdiction to declare Pinkus a bankrupt, it could not bind appellant, a nonresident of the State, in such proceeding.

The Arkansas statute with reference to insolvent debtors simply authorizes a debtor to go in the chancery court and ask for the appointment of a receiver to take charge of his property and distribute the same among his creditors.    The effect of this is the same as if the debtor had made an assignment of his property for the benefit of his creditors, and this court has repeatedly held that a debtor may make an assignment of all his property, but that he cannot reserve any to himself, except, of course, the exemptions he is allowed by the Constitution.

This court, however, has said: "It is no longer questioned that the national bankruptcy law brooks no interference with its operation, and supersedes all State insolvency laws in conflict with it or that provide the same relief.    But it is also true that such Federal bankruptcy law does not repeal or abrogate State laws in conflict, but only supersedes and suspends their operation for the time being upon persons or cases within the purview of the Federal statute.    The national bankruptcy act does not apply to all persons and all corporations. *    *    *    It is true that the appointment of a receiver by the State court for the insolvent company constituted an act of bankruptcy within the meaning of § 3a (4) of the bankruptcy act, which could have been taken advantage of by the creditors of said company by involuntary proceedings at any time within the four months thereafter, and which was done on the 17th day of January, 1910." *Roberts Cotton Oil Co.* v. *F. E. Morse & Co.,* 97 Ark. 513, 135 S. W. 334.

The debtor in the case at bar could have filed his petition in voluntary bankruptcy, and the Federal court

would have ordered a distribution of his property among his creditors, just as was directed by the chancery court. But there is no law requiring him to go into voluntary bankruptcy, and, if he had been required by law or any other force to do so, his bankruptcy would not have been voluntary. Where the debtor's assets are small, it is frequently very much better for his creditors to have him either make an assignment for the benefit of his creditors or have a receiver appointed by the chancery court, to whom all of his property shall be turned over, to be distributed among his creditors, than it would be for him to go into voluntary bankruptcy. When he filed his petition for the appointment of a receiver in the chancery court, he committed an act of bankruptcy under the Federal bankruptcy law, but, in order for the bankruptcy court to get jurisdiction, the Federal law requires certain procedure. There must be a petition by three or more creditors who have provable claims against the debtor, which amount in the aggregate to $500 or over, or, if all the creditors are less than 12, then one creditor may file petition against the debtor. The filing a petition in the chancery court for the appointment of a receiver by an insolvent debtor, or the making of an assignment for the benefit of his creditors, is an act of bankruptcy, but an act of bankruptcy of itself does not put one in the Federal court. There must either be a voluntary petition by the debtor or a petition by the creditors as provided by law. If the creditors had filed a petition against the debtor in the bankrupt court, the bankrupt court would have had jurisdiction, and the State court could have acted no further, but the Federal bankrupt act does not abrogate or repeal the insolvency laws of a State, even where the insolvency laws are in conflict with the bankruptcy act. But, in such case, it only suspends the State statute, but, notwithstanding the bankrupt act, State statutes that are not in conflict therewith are still operative, and it has been held, both by this court and by the Federal court, even where the State

statute is in conflict with the Federal statute, the bankruptcy act suspends the operation only upon persons or cases within the purview of the Federal statute. Unless the creditors take action for the purpose of giving the bankrupt court jurisdiction, the proceeding in the State court is valid. The statute does not prohibit creditors from filing petition in bankruptcy, and does not require them to release or relinquish their debt or claim against the debtor. They may file their claim and participate in the proceeds, or they may decline to do so and still have their judgment or claim against the debtor. Nothing that the debtor could do could defeat the right of the creditors to invoke the bankruptcy law or have the bankrupt estate administered in the Federal court. The bankruptcy law is paramount, and the jurisdiction of the Federal court in bankruptcy, when properly invoked in the administration of the affairs of insolvent persons or corporations, is exclusive. But the bankruptcy court does not take jurisdiction unless a request to do so is made by some creditor or the debtor. There are doubtless many insolvent persons who do not wish to go into voluntary bankruptcy, and whose situation is such that the creditors could not put them into involuntary bankruptcy. But, in all cases where the jurisdiction of the Federal court in bankruptcy is properly invoked, all procedure thereafter in the State court must cease. If there were no statutes on insolvency, an insolvent debtor could either make an assignment, turn over all his property for the benefit of his creditors, or could apply to the chancery court for the appointment of a receiver to take charge of all of his property.

The appellant next insists that, even if the chancery court had jurisdiction to declare Pinkus a bankrupt, it could not bind the appellant, a nonresident of the State. It not only could not bind a nonresident, but it could not bind a resident creditor. No creditors are prevented from invoking the jurisdiction of the bankrupt court, whether they are residents or nonresidents, and no one can

get a release from his debts in any court other than the bankrupt court, except by the voluntary act of the creditor. The creditor may or may not release or relinquish his claim. If he wishes to participate in the proceeds or the assets of the debtor, he may be required to accept his *pro rata* part in full payment, but he is not required to do this. He can decline to do so, and pursue any remedy he may have, including an application or petition in the bankrupt court, but, if he does not wish to pursue this remedy, then the debtor may, through the chancery court, do what he might do by making a general assignment, and, although either constitutes an act of bankruptcy, it will be binding until the jurisdiction of the Federal court is properly invoked. Simply because an insolvent debtor may go into the bankruptcy court, or may be forced to go by a petition of creditors, does not prevent him from disposing of all of his property for the benefit of all of his creditors, unless the jurisdiction of the bankrupt court is properly invoked, and we therefore conclude that, unless and until the jurisdiction of the bankrupt court is properly invoked, the voluntary agreement of the creditors is binding. It follows from what we have said that the decree of the chancery court must be affirmed.