N. FRIEDMAN & SONS CLOAK COMPANY v. HOGINS.

Opinion delivered November 28, 1927.

1. BANKRUPTCY—STATE INSOLVENCY ACT.—Where, under Crawford & Moses' Dig., §§ 5885-5893, relative to insolvent debtors, an insolvent debtor had proceeded to have a receiver appointed to take charge of his property and distribute it among his creditors, *held*, in a suit by a creditor who had not filed his claim with the receiver, that such State insolvency act was binding on creditors until the Federal court's bankruptcy jurisdiction was invoked under the Bankruptcy Act of 1898.

2. INSOLVENCY—GARNISHMENT AGAINST RECEIVER.—Where an insolvent debtor had a receiver appointed to take charge of his property and distribute it among his creditors under the State insolvency act, such property in the hands of the receiver is not subject to garnishment by a creditor of the insolvent who had not submitted his claim to the receiver.

Appeal from Pope Circuit Court; *J. T. Bullock,* Judge; affirmed.

*Clinton R. Barry,* for appellant.

*Robert Bailey,* for appellee.

KIRBY, J.   Appellants brought this suit against A. M. Berry, a nonresident of the State at the time, and had a garnishment issued against Lucile Hogins, who had been appointed receiver in an insolvency proceeding under the State laws, brought on the 19th day of August, 1926, by the said Berry against the Courier-Democrat *et al.*, in which he had been declared an insolvent, and a receiver appointed to take charge of his assets for the benefit of his creditors.   The receiver took charge, made an inventory, and sold the merchandise of the insolvent debtor, and placed the proceeds in the bank.

All the creditors of the insolvent debtor, Berry, except the appellants, filed their claims with the chancery court for allowance.   On September 19, 1926, appellants brought this suit in the circuit court against Berry, who was a nonresident, having left the State after the appointment of the receiver, and had a garnishment issued against said receiver.   The receiver filed a demurrer to the complaint, which was sustained, and, upon appel-

lants declining to plead further, the suit was dismissed, and from the judgment this appeal is prosecuted.

It is contended by appellants that the Federal Bankruptcy Act of 1898, in force, suspends and puts in abeyance the insolvency statutes of the State of Arkansas providing for the distribution of the assets of an insolvent debtor among his creditors, §§ 5885-5893, C. & M. Digest of the Statutes, and that the order of the chancery court appointing the receiver was void, and in no wise affected its rights under the law to subject the assets of this insolvent debtor to the payment of their debt, and that the court erred in holding otherwise.

The court held, in *Hickman* v. *Parlin-Orendorff*, 88 Ark. 519, 115 S. W. 371, that the insolvency laws of Arkansas were suspended by the Bankruptcy Act of Congress of 1898 and have since that date remained in abeyance, so far as they relate to the same subject-matter and affect the same persons as the act of Congress still in force. This holding was reaffirmed in *Roberts Cotton Oil Co.* v. *F. E. Morse & Co.*, 97 Ark. 513, 135 S. W. 334, which was distinguished because it did not affect the same persons as the bankruptcy act.

This court held, however, in a recent case, *International Shoe Company v. Pinkus,* 173 Ark. 316, 292 S. W. 996, that, in a proceeding by the insolvent debtor for the disposition of his assets under the laws of the State, through the chancery court, although it constituted an act of bankruptcy, it would be binding and effective unless and until the jurisdiction of the Federal court was properly invoked, saying:

"Simply because an insolvent debtor may go into the bankruptcy court, or may be forced to go by a petition of creditors, does not prevent him from disposing of all his property for the benefit of all of his creditors, unless the jurisdiction of the bankrupt court is properly invoked, and we therefore conclude that, unless and until the jurisdiction of the bankrupt court is properly invoked, the voluntary agreement of the creditors is binding."

The present case is ruled by the Pinkus case, *supra,* and, under its authority, the majority is of opinion that no error was committed in holding the complaint of plaintiff insufficient and dismissing its garnishment and cause of action.    The judgment is affirmed.