## JOHNSON v. CHAPMAN MILLING CO.

No. 3992.

Court of Civil Appeals of Texas. Texarkana.

March 19, 1931.

Warren, Lasseter & Warren, of Tyler, for appellant.

Webb & Webb, of Sherman, for appellee.

WILLSON, C. J. (after stating the case as above).

The facts of this case are not materially different from those of Patty-Joiner & Eubank Co. v. Cummins (Tex. Civ. App.) 59 S. W. 297, Id., 93 Tex. 598, 57 S. W. 566, decided by Texas courts, and International Shoe Co. v. Pinkus, 173 Ark. 316, 292 S. W. 996, decided by Arkansas courts, where it was held, in effect, that an assignment under a state statute by an insolvent debtor of his property for the benefit of his creditors who accepted thereunder was valid, "except as against proceedings seasonably taken under the National Bankruptcy Act." In the Pinkus Case a writ of error was granted by the United States Supreme Court (278 U. S. 261, 49 S. Ct. 108, 110, 73 L. Ed. 318), which reversed the judgment of the Arkansas Supreme Court, holding that in enacting the Bankruptcy Act (11 USCA § 1 et seq.) "Congress [quoting] did not intend to give insolvent debtors seeking discharge, or their creditors seeking to collect claims, choice between the relief provided by the Bankruptcy Act and that specified in state insolvency laws." "States," the court added, "may not pass or enforce laws to interfere with or complement the Bankruptcy Act or to provide additional or auxiliary regulations."

It may be, as argued by appellant, that the Texas Assignment Law (title 12, R. S. 1925) is not an "insolvent law" in the sense the Arkansas statute was, but it cannot be doubted, we think, that the effect of holding it to have been operative in the insolvent debtor's (Beasley's) favor would have been to have given him "choice between the relief provided by the Bankruptcy Act and that specified" in the Texas statute, a thing the federal Supreme Court said should not be done; and, further, would be to "complement the Bankruptcy Act or to provide additional or auxiliary regulations," which that court held a state could not do.

As we view the matter, giving effect, as he was bound to, to the ruling in the Pinkus

Case, the trial court could not have held otherwise than he did, and this court, also bound as it is to respect that ruling, cannot do otherwise than affirm the judgment.