## DODGION v. J. M. RADFORD GROCERY CO.

### No. 963.

Court of Civil Appeals of Texas. Eastland.

Feb. 26, 1932.

Rehearing Denied June 3, 1932.

John J. Ford, of Sweetwater, for appellant.

W. E. Lessing, of Abilene, for appellee.

HICKMAN, C. J.

Appellee filed suit for debt against Joe Mc-Carty and, ancillary thereto, caused a writ of garnishment to be served upon appellant. The answer of the garnishee denied any indebtedness to McCarty or the possession of any effects belonging to him. It further disclosed that McCarty had made an assignment of all nonexempt property to appellant for the benefit of his creditors, and for the purpose of making a fair distribution of said property among the creditors assenting thereto; that appellant had qualified according to the laws of the state of Texas as the assignee of McCarty, and that, so far as he knew, he was in possession of all the property formerly owned by McCarty, except that which was exempt to him under the laws and constitution of this state, his possession being in the capacity of assignee only. Exceptions were sustained to the answer and judgment rendered in favor of appellee against appellant as garnishee.

The controlling question for decision is whether articles 261–274, R. S. 1925, governing assignments for the benefit of creditors, have been superseded by the National Bankruptcy Law (11 USCA). At the time the case was tried below, the opinion of the Texarkana Court of Civil Appeals in the case of Johnson v. Chapman Milling Company, 37 S.W.(2d) 776, had just been published, and the trial court, following that decision, rendered judgment which was proper thereunder. After that time, and just prior to the submission of the cause in this court, the opinion of the Dallas Court of Civil Appeals in Star v. Johnson, 44 S.W.(2d) 429, was published. This latter opinion announces a conclusion directly contrary to that of the Texarkana court.

We have carefully considered these opinions and the authorities relied upon in each, and are well convinced of the soundness of the latter decision. It would serve no purpose for us to enter into a discussion of this question, for it is ably and exhaustively discussed by Justice Looney in the case referred to. Upon the authority of that decision and the cases therein cited, we hold that our assignment statutes were not suspended by the National Bankruptcy Law, except that provision therein for the discharge of claims of consenting creditors paid as much as one-third of their claims.

Several questions are presented by the appeal, but the one above decided is controlling and the others need not therefore be considered.

It is our order that the judgment of the trial court be reversed and here rendered in appellant's favor.

#### On Rehearing.

A reconsideration of this record on rehearing has convinced us that we have acquired no jurisdiction of this cause. The transcript discloses that judgment was rendered against appellant on June 4, 1931. The term of court at which the judgment was rendered expired on June 13, 1931. At a subsequent term appellant filed a motion which is described in the transcript only as "Motion of Bob Dodgion." If this motion be regarded as a motion for a new trial, it came too late, the trial court was without jurisdiction to entertain it, and all orders entered thereon are void. Ragsdale v. Green, 36 Tex. 194; Pierce v. Watkins, 114 Tex. 153, 263 S. W. 905; First National Bank v. Fox (Tex. Sup.) 39 S.W.(2d) 1085.

The motion is probably sufficient to meet the requirements of a suit in the nature of a bill of review, but no appeal was taken from the judgment overruling this motion. The judgment described in the appeal bond from which the appeal was taken is the judgment of June 4, 1931. We have acquired no jurisdiction to review that judgment, because the record does not disclose that any notice of appeal therefrom was entered at any time. By the provisions of article 2253, R. S. 1925, as amended by Acts 1927, c. 15, § 1 (Vernon's Ann. Civ. St. art. 2253), notice of appeal must be given in open court within two days after final judgment or judgment overruling the motion for a new trial. By article 2281 the transcript must contain notice of appeal.

Since the transcript before us does not disclose any notice of appeal from the judgment of June 4th, we have acquired no jurisdiction to review same, and, since no appeal was perfected from the judgment at the subsequent term on appellant's motion, we acquired no jurisdiction to review that judgment, even though it be regarded as a judgment in an independent suit in the nature of a bill of review. We are therefore without authority to enter any order herein save one of dismissal.

It is accordingly ordered that the motion for rehearing be granted; that the judgment heretofore entered herein be set aside, and, in lieu thereof, that judgment be entered dismissing the appeal for want of jurisdiction.