## ROSCOE STATE BANK v. J. M. RADFORD GROCERY CO.

### No. 957.

Court of Civil Appeals of Texas. Eastland.
Feb. 26, 1932.

Rehearing Denied April 1, 1932.

Beall & Beall, of Sweetwater, for appellant.

W. E. Lessing, of Abilene, for appellee.

HICKMAN, C. J.

This case is a sequel to case No. 963, Bob Dodgion, Garnishee, v. J. M. Radnford Grocery Company, 50 S.W.(2d) 837, this day decided by this court. In the former case appellee obtained a judgment against Dodgion as garnishee. It then caused a writ of garnishment to be served upon appellant for the purpose of collecting its judgment against Dodgion. The answer admitted that Dodgion, as assignee of Joe McCarty, had money on deposit with it, but disclosed that the amount on deposit was not sufficient to pay the creditors of McCarty more than 25 per cent. on their claims. It further alleged that the judgment against Dodgion in the former case was void, because the assets in his hands did not belong to Joe McCarty, but were held by him as an assignee for the benefit of McCarty's accepting creditors. Dodgion also answered in this case, adopting the answer of appellant. Judgment was rendered against appellant on its answer, from which this appeal is prosecuted.

It is obvious that this case is controlled by our decision in the companion case above referred to, and, for the reason therein assigned, the judgment of the trial court will be reversed and here rendered for appellant.

#### On Rehearing.

The record in this case is different from that in the companion case of Dodgion v. Radford Grocery Company, No. 963. We have jurisdiction of this cause, and our original opinion has been confirmed by the action of our Supreme Court in refusing a writ of error in the case of Starr v. Johnson (Tex. Civ. App.) 44 S.W.(2d) 429. In a memorandum opinion the Supreme Court has expressly approved the holding of the Dallas Court in that case. 47 S.W.(2d) 608.

The original opinion failed to mention the question of attorneys' fees for the garnishee. Since our judgment discharges it on its answer, it is entitled to a reasonable fee, which we set at $50. We have the authority to set this fee without a retrial below. Southland Life Ins. Co. v. Norton (Tex. Com. App.) 5 S.W.(2d) 767.

Appellee's motion for rehearing is overruled.