## HUFF v. PATRICK.
### No. 8666.

Court of Civil Appeals of Texas. Austin.

March 9, 1938.

Richard W. Mayfield, of Giddings, for appellee.

McCLENDON, Chief Justice.

This is an appeal from an interlocutory order denying a restraining order and temporary injunction. The suit was one by Huff to enjoin interference in the performance of his duties as school trustee on the part of Patrick.

The transcript contains the caption, showing that the order was entered in vacation; petition, duly verified, filed May 26, 1937; the judge's "Fiat" or order indorsed thereon, dated May 22, 1937; and Huff's affidavit of inability to pay or secure costs of appeal, filed June 8, 1937. The record was filed in this court the following day.

Huff has not filed a brief or otherwise appeared in the case in this court. In a brief filed by Patrick, seeking affirmance of the order appealed from, it is asserted: "The petition in this cause of action was presented to the Honorable John H. Tate, Judge of the 21st Judicial District of Texas, who acted upon same in chambers, and from the fiat attached to the petition he refused to issue the injunction prayed for, after considering such pertinent evidence as was necessary for him to reach a conclusion. His refusal to issue the order for an injunction became his final judgment in the case: the petition was then filed, and afterwards an affidavit of inability to give bond for costs and for purpose of prosecuting his appeal to the Court of Civil Appeals, was filed by the appellant."

The fiat or order reads: "The within petition for injunction together with the affidavit attached thereto and made a part.

thereof, presented to me in chambers this the 22nd day of May, 1937, has been duly considered. The facts alleged in this petition have been heretofore heard by the court in injunction proceedings instituted in the court by the plaintiff, petitioner Geo. Huff. Being familiar with all of the facts connected with the entire matter in addition to the alleged facts stated herein, I feel that the petitioner is not entitled to the relief sought—and that no restraining order should issue. The petition for injunction is hereby refused."

 The last sentence of this order, removed from the context, might be susceptible of the construction that it constituted a final adjudication. So construed, we are without jurisdiction, since the record contains no notice of appeal, an essential in all appeals from final judgments. R.C.S. art. 2253, as amended by acts 1927, c. 15, § 1, Vernon's Ann.Civ.St. art. 2253; 3 Tex.Jur. p. 284, § 190. The proper order in such case would be to dismiss the appeal, not affirm the judgment as appellee seeks.

 We do not, however, construe the order as a final judgment. The order was manifestly entered in vacation. This appears from the caption; also from the statute, R.C.S. art. 199, subd. 21, absent any showing of existence of a special term or extension of regular term of court.

The order was entered ex parte, upon presentation of the petition, since there is no recitation of notice to or appearance by defendant.

 The trial judge had no power to render a final judgment in vacation except by consent of the parties, R.C.S. art. 1915, and it will not be presumed that he acted beyond his powers, if any other reasonable construction can be given to his act. As we construe the fiat or order, the petition was presented to the judge in chambers and he entered his order thereon, before the petition was filed, and manifestly without notice to or service upon defendant. Four days later the petition was filed. If there was any further action by the judge or court, it is not shown by the record. The only matter which properly could have been before the judge under the circumstances was temporary relief pending final judgment. We construe the order as extending no further than refusing such temporary relief.

Construing the order appealed from as denying a temporary injunction, we sustain appellee's proposition to the effect that the record is devoid of showing that the trial judge abused his discretion.

The order appealed from is affirmed.

Affirmed.