**MAY v. DONALSON et al.**
No. 10731.

Court of Civil Appeals of Texas.
San Antonio.
June 5, 1940.

C. C. Carsner, of Victoria, for appellant.

Daniel, Edwards & Proctor and A. B. Chambers, all of Victoria, for appellees.

SMITH, Chief Justice.

Appellant, Harry May, instituted this suit against Mrs. Bettie M. Donalson, a widow, to recover on a $2,000 note executed by John A. Donalson and Bettie M. Donalson. It was alleged that John A. Donalson had died, that there was no administration upon his estate and no necessity therefor, and that the note was originally executed for the benefit of the separate property of his widow, the said Mrs. Bettie M. Donalson.

Mrs. McCord, a widowed daughter of Mrs. Donalson, and the Victoria Bank and Trust Company, were made parties to the suit on the theory that they had in their possession property and effects belonging to Mrs. Donalson, and for that reason a bill of discovery would lie against them.

Attached to the plaintiff's petition were interrogatories for each of the defendants to answer. The plaintiff prayed for an injunction to restrain the defendants from paying or delivering to Mrs. Donalson, or any other person, any property, money or effects in their hands belonging to her.

The trial court denied the injunction and the appellant thereupon filed an application for ancillary writ of garnishment, which was issued to the bank. The bank answered as garnishee, admitting that it was indebted to Mrs. Donalson in the sum of $1,416.06, on deposit with it in the name of Mrs. Bettie M. Donalson. Mrs. McCord intervened in the garnishment proceeding, but did not contest the garnishee's answer insofar as it stated that it was indebted to Mrs. Donalson. Mrs. Donalson alleged that the funds on deposit with the bank were not subject to garnishment, that they were exempt from execution, and further that Mrs. McCord was the true and lawful owner of the money on deposit. The principal suit and the garnishment proceeding were tried together to a jury, and at the close of the evidence the trial court discharged the jury and rendered judgment for the plaintiff against Mrs. Donalson for the principal amount sued for, and in favor of the plaintiff against the garnishee for $459.17 less $150 deducted therefrom for the payment of attorney's fees incurred by the garnishee.

Appellant complains of the denial of the injunction, contending that this is a remedy vouchsafed by Article 2002, R. S.1925, the bill of discovery statute. Mrs. Donalson contends that, when the defendants attached to their pleading the answers to the interrogatories filed by appellant, the requirements of the statute had been met and that the bill of discovery became moot, and further that there was an adequate remedy provided to appellant by law, and therefore he was not entitled to equitable relief. The statute provides "such remedy [of discovery] shall be cumulative of all other remedies," and by invoking it a litigant does not yield any existing right to equitable relief. Samuels v. Finkelstein, Tex.Civ. App., 25 S.W.2d 923. In other words, a bill of discovery in Texas is a remedy additional to the other remedies provided by statute. 2 Tex.Law Rev. 483; Chapman v. Leaverton, Tex.Civ.App., 263

S.W. 1083; National Compress Co. v. Hamlin, 114 Tex. 375, 269 S.W. 1024; Avery & Sons Plow Co. v. Mayfield, Tex.Civ.App., 111 S.W.2d 1134.

But, we are of the opinion that appellant was not injured by the denial of the injunction. If the bank and Mrs. McCord were indebted to Mrs. Donalson, or had effects belonging to her, appellant could reach the same by writ of garnishment. The fact that a writ of garnishment would lie, would not, of itself, prevent appellant from resorting to his remedy of a bill of discovery in order to ascertain what effects were held by the other defendants, and to what extent they were indebted to Mrs. Donalson, but appellant could go no further than to obtain the necessary information pertaining to the property of Mrs. Donalson. Equitable Trust Co. v. Jackson, 129 Tex. 2, 101 S.W.2d 552.

As to the garnishment proceeding appellant complains of the action of the trial court in discharging the jury and entering a judgment on the facts found by him. If there were no controverted issues of fact for determination, there was nothing to submit to a jury, and it was the duty of the trial judge to discharge the jury and enter judgment upon the undisputed facts. Adams v. Houston National Bank, Tex.Com.App., 1 S.W.2d 878; American Surety Co. v. Hill County, Tex.Com.App., 267 S.W. 265. We will examine the record as it relates to this rule.

The bank admitted that it was indebted to Mrs. Donalson for $1,416.06, and the testimony explains where this money came from. John A. Donalson during his life owned a $10,000 life insurance policy, and prior to his death he had borrowed $5,000 from his daughter, Mrs. McCord. In his will he assigned to her $5,000 out of the proceeds of the policy in liquidation of the debt, and devised the remainder of his property to his wife, appellee herein. Prior to his death he had gotten two loans upon the policy, out of which $459.17 remained, which was on deposit in a bank in the name of his daughter, Mrs. McCord. After his death, the insurance company paid the amount owed on the policy to Mrs. McCord, who retained $5,000 in payment of her note, and deposited the balance of $2,678.77 and the $459.17 referred to above, to the credit of her mother, Mrs. Donalson.

The trial court held, as a matter of law, that the $2,678.77 was not subject to garnishment, on the theory that it was a trust. In support of this theory appellee Mrs. Donalson contends that the evidence shows that the money was deposited in her name for a special purpose only, and that she was only a trustee of the funds. Mrs. McCord testified that she transferred the $2,678.77 out of the money collected from the insurance company to her mother, Mrs. Donalson, so that she would have something to spend and live on in the event Mrs. McCord died, and that she had paid doctors' and drug bills, and funeral expenses. We hold that the court erred in this conclusion. We cannot say, and least of all as a matter of law, that this evidence was such as to impress a trust upon the fund. The general effect of the testimony was rather to negative than affirm a trust, for, after all, it showed that the fund was deposited in the bank, to Mrs. Donalson's credit, for her exclusive benefit, and without any restriction upon her right or power to withdraw it at will and apply it to her own uses. The very intention of Mrs. McCord in depositing the money to her mother's credit was, as she testified, to warrant that her mother would have something to spend and live on in the event the daughter died and could not herself provide for her mother. These facts would seem to constitute a pure gift, rather than a trust. The evidence upon this issue was meager and unsatisfactory, and may be better developed upon another trial, to which end the matter will be left open. It is sufficient to hold here that the trial court erred in concluding, as a matter of law, that a trust was established.

There is no evidence in the record as to what services, if any, the attorneys for the garnishee had rendered. The trial court allowed the garnishee $150 attorneys' fees. If it were not for the fact that attorneys' names were signed to the pleading, we would be relegated to mere surmise in order to find that attorneys had been employed. It has been held that in a trial before the court, the judge can fix the attorneys' fees, even though there is no testimony from which to determine the value of the attorneys' services. Johnson v. Blanks, 68 Tex. 495, 4 S.W. 557. It has also been held that the Court of Civil Appeals may fix the

attorneys' fees. Roscoe State Bank v. J. M. Radford Grocery Co., 50 S.W.2d 839. But, in a trial to a jury there must be evidence of what services the attorney had rendered, and of the reasonable value of such services, and the jury, but not the judge, should, from this evidence, fix the amount of the fees. Smith v. Texas Co., Tex.Com.App., 53 S.W.2d 774.

The trial court held that the item of $459.16 was subject to the garnishment, and that out of this sum the $150 allowed the garnishee as reasonable compensation should be deducted. Appellant contends that since he was the successful party, the costs should have been adjudged against the appellee Mrs. Donalson, the unsuccessful party. The garnishee contends that it was a mere stakeholder, and that the rules pertaining to interpleaders are applicable. We overrule this contention of the garnishee. The application for the writ of garnishment was in the usual statutory form and the writ issued to the garnishee was in the statutory form. The garnishee in its answer admitted that it was indebted to the defendant Donalson for the amount of money that was on deposit in her name. It denied that it held any effects belonging to Mrs. Donalson or was otherwise indebted to her except as admitted. There were also some allegations in the answer pertaining to an account that was in the name of Mrs. McCord. No one in the garnishment proceeding was claiming that this fund belonged to Mrs. Donalson. Mrs. McCord filed an answer in the garnishment proceeding in regard to the fund that was in her name, but made no claims by her pleadings for the money deposited in Mrs. Donalson's name. The garnishee by its answer did not contend that any one other than Mrs. Donalson was claiming the money deposited in her name. We are therefore of the opinion that the bank was not in a position of a stakeholder insofar as the garnishment proceeding was concerned.

A garnishment proceeding is not equitable in nature, but of statutory creation. Therefore, we must look to the statutes to determine who should pay the cost of the proceeding, including the attorneys' fees. In the absence of statutory authority, the trial court has a right to determine who shall pay the costs. Where two parties are claiming the same fund, it is only equitable that the stakeholder should be allowed to hold the expenses incurred by him out of the fund. In a garnishment proceeding, however, only one party, the defendant, is claiming the fund, and the other party, the petitioner, claims that he has the right to have the fund applied on the debt owed him by the defendant; hence the decisions in interpleader cases do not apply to garnishment proceedings.

Article 4100, R.S.1925, provides for the taxing of costs in a garnishment proceeding and it must be followed. Where the garnishee is discharged upon his answer, the statute provides that the costs of the proceeding, including a reasonable compensation for the garnishee, shall be taxed against the plaintiff. This reasonable compensation to the garnishee includes a reasonable attorneys' fee incurred by it in the case. In order to determine what is meant by the "garnishee is discharged upon his answer," we must look to Article 4086, R.S.1925.

Where the answer of the garnishee shows it is indebted to the defendant and such answer is not controverted, Art. 4100 provides that the court costs, including reasonable compensation to the garnishee, shall be taxed against the defendant and included in the execution provided for by the garnishment statutes. In such case the judgment should conform to the provisions of Art. 4088, R.S.1925.

Where there has been a contest of an answer filed by the garnishee, Art. 4100 provides "the costs shall abide the issue of such contest." This portion of the statute should also be construed in connection with Art. 4088. If the garnishee denies that it is indebted to the defendant and the answer is contested by the plaintiff, the garnishee becomes a party litigant and is entitled to no attorneys' fees in the event it is unsuccessful. Automobile Underwriters' Ins. Co. v. Murrah, Tex.Civ.App., 40 S.W.2d 233. In the event the defendant is a party to the suit and contests the answer of the garnishee and is unsuccessful, the costs and attorneys' fees should be assessed against the defendant, and that should have been done in this case.

Art. 2056, R.S.1925, provides: "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provid-

ed." Art. 2052 provides: "Each party to a suit shall be liable for all costs incurred by him. If the costs cannot be collected from the party against whom they have been adjudged, execution may issue against any party in such suit for the amount of costs incurred by such party, but no more." We are of the opinion that these two statutes do not change the rule provided for in garnishment cases by Art. 4100, insofar as the ultimate liability for the costs is concerned. If the costs cannot be collected from the defendant, execution may issue against the plaintiff for the amount of the costs incurred by him, but no more. However, demand must first be made upon the defendant, unless he is insolvent. Beauchamp v. Withers, 25 Tex.Civ.App. 575, 62 S.W. 1084.

 The costs incurred by the plaintiff in a garnishment proceeding include the garnishee's attorneys' fees, and the plaintiff may be called upon to pay this amount in the event it can not be collected from the defendant, and this is true even though all of the costs are adjudged against the defendant. In this respect, attorneys' fees are comparable to the fee of a guardian ad litem and the same rules will be applied. Ashe v. Youngst, 68 Tex. 123, 3 S.W. 454.

 If the defendant, by contesting the answer of the garnishee, causes it to incur additional attorneys' fees, the plaintiff would not be considered as having incurred the additional fees and would not be responsible for them. The garnishee may thus be deprived of some of the compensation which it is entitled to receive under the statute, but that affords no reason for making the plaintiff pay the additional fee. Doss v. Chambers, Tex.Civ.App., 188 S.W. 296. The garnishee can protect itself to some extent by availing itself of Art. 2068, R.S.1925, providing for rule for costs.

In this case, the costs of the garnishment proceeding were taxed against the appellant, who was the successful party in the contest. This was error. The costs should have been taxed against Mrs. Donalson, the unsuccessful party, although the plaintiff may have been called upon to pay them in the event Mrs. Donalson was unable to do so.

The judgment in favor of appellant upon the promissory note, from which no appeal was taken, will be affirmed; the judgment in the garnishment proceeding will be reversed, and that proceeding remanded for another trial.