## ORTEGA v. EMPLOYERS CASUALTY CO.

No. 12033.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 21, 1949.

Rehearing Denied Oct. 19, 1949.

G. Woodson Morris, San Antonio, Albert U. Trevino, San Antonio, for appellant.

Eskridge & Groce, San Antonio, for appellee.

W. O. MURRAY, Justice.

Appellee, Employers Casualty Company, has filed a motion to dismiss this appeal because the record does not show that appellant gave notice of appeal within the time required by Rule 353, Texas Rules Civil Procedure. On June 8, 1949, the Hon. P. C. Sanders, Judge of the 37th District Court, indicated that he was going to instruct a verdict in favor of appellee herein. Effort was made to have the judge reconsider his ruling, at which time he stated, "I have not changed my mind, and I am going to allow my judgment granting the instructed verdict for the defendant to stand. I am going to give the higher court a chance to pass upon it." Thereupon counsel for appellant replied to the Judge, "It will certainly have a chance to do so." Shortly thereafter, attorneys for appellee prepared a form of judgment which contained a notice of appeal and presented it to the trial judge, and at the same time furnished a copy to opposing counsel. Opposing counsel objected to the paragraph in the judgment which contained a notice of appeal, and made the following statement: "I do not want this last paragraph in this judgment, since this will start my time running today, and I do not want this." Thereupon the paragraph was stricken from the judgment.

Thereafter, on or about June 28th, J. R. Cade, Esq., and Albert Trevino, Esq., as attorneys for appellant, appeared before Judge Sanders and requested him to make a notation upon his docket showing that notice of appeal had been duly given in open court in this case on June 8th. This Judge Sanders refused to do, in the absence of opposing counsel, and the matter was not pursued further. Thereafter, on July 7th, an unfiled motion for new trial in the cause was presented by attorneys for appellant to Hon. Delos Finch, who was acting at the time as a Special District Judge of Bexar County. Judge Finch, having been informed that there was some controversy with reference to this matter pending before Judge Sanders, declined to consider the motion. Nothing further has been done or attempted to be done with reference to having the record

in this case show that notice of appeal was given.

Rule 353, T.R.C.P., provides as follows:

"Notice of Appeal.

"(a) An appeal, when allowed by law, may be taken by notice of appeal (1) in open court, noted on the docket or embodied in the judgment, order overruling motion for new trial, or other minute of the court, or (2) filed with the clerk; such notice to be given or filed within ten days after the judgment or order overruling motion for new trial is rendered.

"(b) Such notice, when filed with the clerk, shall be sufficient if it state the number and style of the case, the court in which pending, and that appellant desires to appeal from the judgment or from some designated portion thereof."

It is plain from the provisions of this rule that notice of appeal may be given in two ways. First, in open court, which fact must be noted on the docket or embodied in the judgment, order overruling motion for a new trial, or other minutes of the court, or, secondly, by filing such notice with the clerk, such notice to be given or filed within ten days after judgment or order overruling the motion for a new trial is rendered.

There is no contention here by appellant that he filed written notice of appeal with the clerk of the court, but he does contend that his statement to the effect that the appellate court would have an opportunity to pass upon this case, did amount to notice of appeal given in open court. He does not contend that the giving of such notice was ever noted on the judge's trial docket, and in fact the record shows that the trial judge was asked to make such a notation and refused. If by any stretch of the imagination the statement by appellant's attorney, that the appellate court would certainly have an opportunity to pass upon this case, could be regarded as the giving of notice of appeal in open court, under all the surrounding facts and circumstances here shown, it did not have that effect in this case. In fact, it seems that it was understood at the time by attorneys for appellant that this did not constitute giving notice of appeal, because when counsel for appellee presented a form of judgment to the court, containing the statement that a notice of appeal had been given in open court, such statement was objected to by appellant's counsel and it was stricken from the judgment. This act by appellant's counsel was sufficient to clearly indicate that he did not regard the statement made in open court as a notice of appeal, and it certainly was not such a notice. The further statement by appellant's attorney, to the effect that he did not want his time of taking an appeal to start running, indicates that he did not consider that he had given notice of appeal, but intended to do so at a later date. This he never did. If attorney for appellant did consider that he had given notice of appeal in open court, he could not possibly in good faith object to the judgment speaking the truth.

This Court does not have jurisdiction of an attempted appeal, unless the record shows that notice of appeal was given in one of the two manners provided for by Rule 353, T.R.C.P. It is clear here that the giving of notice of appeal was not noted on the docket of the trial judge, nor was it shown in the final judgment or any other minute of the court. Republic Nat. Bank v. Jordan, Tex.Civ.App., 17 S.W. 2d 84; Dodgion v. J. M. Radford Grocery Co., Tex.Civ.App., 50 S.W.2d 837; Rausch v. Western Union Tel. Co., Tex.Civ.App., 70 S.W.2d 655; Huff v. Patrick, Tex.Civ.App., 114 S.W.2d 598; George v. Senter, Tex. Civ.App., 194 S.W.2d 290.

We have several affidavits before us stating what happened in the trial court, and these affidavits show that formal notice of appeal was not given in open court. The only statement of appellant's counsel which might have been construed as being the giving of a notice of appeal, was repudiated as such by appellant's own counsel. Under such circumstances, we have but one course and that is to dismiss the case, because the record does not show that notice of appeal was given.

Appellant has filed affidavits stating that at the time his counsel objected to the judgment containing a notice of appeal, he went further and said that he wanted

that shown in the order overruling the motion for a new trial. This fact is denied in affidavits filed by appellee. We do not regard this matter of any importance, because the record shows that no motion for a new trial was ever filed, and that no order overruling such a motion was ever made.

Appellee's motion to dismiss the appeal will be granted.

Appeal dismissed.

SMITH, C. J., absent.