**Levi ROBERTSON, Appellant,**

v.

**Brenda ROBERTSON et al., Appellees.**

**No. 5520.**

Court of Civil Appeals of Texas, Eastland.

Sept. 25, 1980.

Jimmy Stewart, Goodwin & Berry, San Angelo, for appellant.

Lance C. Hall, Moore, Dickson, Roberts & Hall, Inc., Sweetwater, for appellees.

McCLOUD, Chief Justice.

Plaintiffs, Brenda Robertson and Cindy Robertson, sued their father, Levi Robertson, on a judgment dated May 11, 1978, rendered in their favor, and sought foreclosure of a lien securing the payment of the debt. Defendant, Levi Robertson, failed to timely file an answer. The court entered a default judgment for plaintiffs for $27,-479.52, which included attorney's fees, and ordered foreclosure of the judgment lien covering defendant's property. Defendant's motion for new trial was overruled. He has appealed. We reverse and remand.

Plaintiffs' cause of action is based upon a "Decree of Divorce" dated May 11, 1978, divorcing defendant and his former wife, Joyce Robertson. Brenda and Cindy Robertson, the children of Levi and Joyce Robertson, were both over 18 years of age at the time of the divorce. Neither Brenda nor Cindy Robertson, plaintiffs herein, were parties to the divorce action between their father and mother. Nevertheless, the divorce judgment granted each plaintiff a $9,000.00 judgment against their father. The divorce judgment provides in part:

> The Court finds that the community debts and obligations also include $9,000.00 owed to Brenda Robertson and $9,000.00 owed to Cindy Robertson. The Court further finds that the Respondent, Walter Levi Robertson, is indebted to the two children *of the parties*, Cindy Robertson and Brenda Kay Robertson in the sum of $9,000.00 each. (emphasis added)

IT IS ORDERED, ADJUDGED AND DECREED the Respondent pay $9,000.00 to Cindy Robertson in ten (10) equal annual installments of $900.00 each plus interest at the rate of 9% per annum. The first payment being due and payable

on or before one (1) year from the date of entry of this judgment and each subsequent year thereafter until paid in full.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Respondent pay $9,000.00 to Brenda Robertson in ten (10) equal annual installments plus interest at the rate of 9% per annum. The first payment being due and payable on or before one (1) year from the date of entry of this judgment and each subsequent year thereafter until paid in full.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a lien be and the same is hereby impressed upon the below described homestead of the marriage to insure the prompt and full payment of the above described indebtedness.

> Northwest One–Fourth (NW/4) of Section One Hundred Eighty–eight (188) in Block Number Sixty–four (64) of the H & TC Ry. Co. Surveys in Nolan County, Texas 160 acres.

We will not discuss defendant's contention that he complied with the requirements listed in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (Com.App. 1939, opinion adopted), for setting aside a default judgment. The default judgment rendered by the trial court will be reversed for other reasons.

■ To support a default judgment, the plaintiff must allege a claim upon which the substantive law will give relief, and the allegations contained in the petition must give the defendant fair notice of the basis of the plaintiff's complaint. *Stoner v. Thompson*, 578 S.W.2d 679 (Tex.1979); *Griswold v. Carlson*, 151 Tex. 246, 249 S.W.2d 58 (1952); 4 R. McDonald, Texas Civil Practice § 17.23.3 (1971).

■ The May 11, 1978 "Decree of Divorce" was incorporated into and made a part of plaintiffs' petition in the instant suit. The petition affirmatively discloses the invalidity of plaintiffs' claim. The petition reflects that plaintiffs' claim is based on a judgment rendered in their favor in a case in which they were not parties. The judgment shows on its face that the $9,000.00 award to each plaintiff is void. *Dunlap v. Southerlin*, 63 Tex. 38 (1885); *Bell v. Vanzandt*, 54 Tex. 150 (1880); *Southern Surety Co. v. Texas Oil Clearing House*, 281 S.W. 1045 (Tex.Com.App.1926, judgmt. adopted); *Sealy v. Scott*, 11 S.W.2d 605 (Tex.Civ.App.–Fort Worth 1928, no writ); *Houston E. & W. T. Ry. Co. v. Skeeter Bros.*, 44 Tex.Civ.App. 105, 98 S.W. 1064 (1906, writ dismissed); *Danner v. Aetna Life Insurance Company*, 496 S.W.2d 950 (Tex.Civ.App.–Fort Worth 1973, no writ); *Ex parte Jimmy Fleming*, 532 S.W.2d 122 (Tex.Civ.App.–Dallas 1975, no writ).

■ Even if the divorce judgment was not void as to plaintiffs, there is no provision in the decree authorizing acceleration of the $9,000.00 awards in the event of default, and there was no allegation in plaintiffs' petition of an anticipatory repudiation. *Forney v. Jorrie*, 511 S.W.2d 379 (Tex.Civ.App.–San Antonio 1974, writ ref'd n. r. e.). Also, we note that plaintiffs failed to properly allege a cause of action for attorney's fees. We find no substantive law permitting attorney's fees in a suit to collect on a judgment. *New Amsterdam Casualty Company v. Texas Industries, Inc.*, 414 S.W.2d 914 (Tex.1967). Defendant did not waive his point by failing to include it in his motion for new trial. The trial court ruled upon the matter of attorney's fees when such fees were awarded in the judgment. *Howell v. Coca–Cola Bottling Company of Lubbock, Inc.*, 599 S.W.2d 801 (Tex. 1980); *Brown v. Brown*, 590 S.W.2d 808 (Tex.Civ.App.–Eastland 1979, no writ).

The judgment of the trial court is reversed, and the cause is remanded.