Vernon G. and Mary Lou
HENRY, Appellants,

v.

INSURANCE COMPANY OF NORTH
AMERICA, Appellee.

No. A14–93–01030–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 23, 1994.

Robert Miller, William C. Ferebee, Houston, for appellants.

Michael Kevin Queenan, Richard T. Howell, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J.,[9] and MURPHY and ELLIS, JJ.

**OPINION**

MURPHY, Justice.

This is an appeal from a summary judgment granted in favor of appellee, Insurance

Company of North America. The summary judgment awarded attorneys' fees to appellee, the prevailing garnishor in a garnishment action. Because we find that the garnishor is not entitled to recover attorneys' fees in a garnishment action, we reverse.

The original suit from which this case arises was brought by appellee against appellants, Vernon and Mary Lou Henry, for payment of a promissory note (hereinafter "the Note Action").[1] The judgment in the Note Action, signed July 14, 1992, awarded appellee the principal amount of $12,394.63, prejudgment interest of $3,452.79, attorneys' fees of $2,163.56, and post-judgment interest accruing at $2.93 per day until the date of final judgment, and thereafter at the rate of 10% per year (a judgment of just over $18,-000).

Seventeen days later, on July 31, 1992, without contacting appellants or their attorney regarding payment of the judgment or their intention to appeal the judgment, appellee filed a post-judgment application for writ of garnishment against Cullen Bank, the garnishee. The application alleged that Cullen Bank was indebted to appellants because appellants had deposits in bank accounts at Cullen Bank, and requested judgment against Cullen Bank in the amount of the indebtedness of appellants, plus appellee's attorneys' fees and court costs. Cullen Bank filed its answer to the writ of garnishment, stating that it had over $77,000 on deposit in appellants' names. The bank also requested that appellants be made parties to the garnishment action, and requested attorneys' fees in the amount of $750.00 pursuant to TEX.R.CIV.P. 677. Appellants filed a Motion to Dissolve Writ of Garnishment and Counterclaim for Usury, claiming that the writ of garnishment did not afford them proper notice as required by TEX.R.CIV.P. 663a, and that appellee was attempting to collect usurious interest under the guise of "attorney fees." The trial court considered appellants' Motion and denied it, allowing the garnishment to proceed, but ordered that the maximum value of indebtedness that could be garnished was $20,000.

The parties eventually negotiated an Agreed Partial Judgment, which provided that Cullen Bank would pay appellee the sum of $18,962.67 in "partial satisfaction of the judgment entered in [the Note Action]," and would place into the registry of the trial court $287.33, the amount remaining of the $20,000 indebtedness owed by Cullen Bank to appellants under the garnishment order. Cullen Bank would retain $750.00 as reimbursement for its costs incurred in connection with the garnishment action, and would then be discharged from any further liability in the garnishment action. The Agreed Partial Judgment also contains the following paragraph:

> ORDERED, ADJUDGED and DECREED that the rendition of this Agreed Partial Judgment is without prejudice to [appellee's] right to recover the remaining sums due under the Judgment, if any, including without limitation, claims for post-judgment attorneys' fees and expenses or without prejudice to the Henrys' claims for usury, if any.

On April 12, 1993, appellee filed a motion for summary judgment, asking the trial court to award attorneys' fees and costs incurred in the garnishment action.[2] Appellants filed a response, in which they contended that there existed a question of law as to whether attorney fees were recoverable by the garnishor in a garnishment action, and if such fees were recoverable, a question of fact as to whether the fees requested were reasonable. The trial court granted appellee's motion for summary judgment and awarded appellee $6,573.64 in attorneys' fees. It then ordered:

> [T]hat the sums previously recovered by Insurance Company of North America in

1. *Insurance Company of North America v. Vernon G. Henry and Mary Lou Henry*, No. 91–049171 (215th Dist.Ct., Harris County, Tex., July 14, 1992).

2. At oral submission and in its motion for summary judgment, appellee asserted that the Henrys "forced" them to take legal action to collect the judgment. This seems a bold statement by a party who, without making any demand for payment of the judgment, filed the garnishment action a mere 17 days after the judgment was signed, within the 30 days appellants had in which to file a motion for new trial or perfect an appeal. TEX.R.CIV.P. 329b(a); TEX.R.APP.P. 41(a).

connection with this garnishment proceeding be allocated first to the attorneys' fees awarded herein, then to the post-judgment interest accruing pursuant to this court's previous judgment, then to the amounts due pursuant to the judgment that forms the basis of this garnishment proceeding. . . .

Finally, the trial court dismissed with prejudice all other claims asserted by appellants in the garnishment action, i.e. their counterclaim for usury.

Appellants bring three points of error. First, they contend the trial court erred in awarding attorneys' fees to appellee because there are no legal grounds for an award of attorneys' fees to a garnishor. Second, they contend the trial court erred in granting summary judgment because a fact issue exists as to whether the attorneys' fees requested by appellee are reasonable. Third, they contend the trial court erred in modifying the parties' Agreed Partial Judgment to reflect a particular allocation of the damages award.

■ We first address the issue of whether attorneys' fees are recoverable by the garnishor in a garnishment action. Generally, the prevailing party in a suit may recover attorneys' fees from the opposing party or parties. TEX.R.CIV.P. 131. However, the party seeking attorneys' fees must first establish a contractual or statutory ground for the award. *First City Bank–Farmers Branch v. Guex*, 677 S.W.2d 25, 30 (Tex. 1984); *New Amsterdam Casualty Co. v. Texas Indus., Inc.*, 414 S.W.2d 914, 915 (Tex. 1967); *State v. Estate of Brown*, 802 S.W.2d 898, 901 (Tex.App.—San Antonio 1991, no writ).

■ In response to appellants' argument that there are no legal grounds for a garnishor to recover its attorneys' fees, appellee first asserts that it had a contractual basis for recovery of attorneys' fees pursuant to the original promissory note signed by appellants, and an Investor Bond Indemnification Agreement executed by appellants. We dis-

agree with appellee's assertion. Although a garnishment action is ancillary to the underlying suit and takes its jurisdiction from the main suit, *Baca v. Hoover, Bax, & Shearer*, 823 S.W.2d 734, 738, 740 (Tex.App.—Houston [14th Dist.] 1992, writ denied), it is a separate suit brought to enforce the judgment, and is not itself based on a contract. Therefore, appellee is incorrect in asserting that its contract with appellants, which provided that they would pay "costs of collection, attorneys' fees, and interest," covers fees incurred in a garnishment action. Moreover, even if we could import the contract documents into the non-contractual garnishment proceeding, appellee has not filed a copy of either putative contract in the appellate record.[3] Thus, the provisions of the note and indemnity agreement are not before this Court for consideration.

At oral submission, appellee argued that the garnishment action was not a separate suit, but was a continuation of the underlying contract suit. We disagree. The judgment in the underlying suit was entered in cause No. 91–49171, and in the absence of a motion for new trial, became final thirty days after the judgment was signed. TEX.R.CIV.P. 329b. When the writ of garnishment was filed, it was docketed as a separate suit and given a separate cause number. *See Philbrook v. Berry*, 683 S.W.2d 378, 379 (Tex. 1985) (holding motion for new trial filed in original cause did not operate to extend the court's plenary power in severed cause). The garnishment action is an enforcement suit, not a suit on a contract. Thus, there exists no contractual ground on which to base an award of attorneys' fees in a garnishment action.

■ Next, appellee asserts that Section 38.001 of the Texas Civil Practice and Remedies Code provides statutory authority for recovery of its attorneys' fees. Section 38.-001 provides for the recovery of attorneys' fees if the claim is for a contract. TEX.CIV. PRAC. & REM.CODE ANN. § 38.001(8) (Vernon 1986). As we have already discussed above,

---

**3.** At oral submission, appellee stated that copies of the documents were attached to the Motion for Summary Judgment. We have been unable to locate the documents in the appellate record, and the documents are not referred to with exhibit numbers in the body of the motion. We must therefore conclude that the documents were not attached to the motion.

garnishment is not a cause of action based on a contract. In addition, this Court has already determined that garnishment actions are not among the claims for which attorneys' fees may be awarded pursuant to Section 38.001. *See San Felipe Nat'l Bank v. Caton,* 668 S.W.2d 804, 805 (Tex.App.—Houston [14th Dist.] 1984, no writ) (stating "there is no authority under TEX.REV.CIV. STAT.ANN. art. 2226 (Vernon Supp.1982–83) [predecessor to Section 38.001] for garnishor attorney fees"). We reaffirm that decision today. An award of attorneys' fees may not be merely implied, but must be provided for by the *express* terms of the statute in question. *First City Bank–Farmers Branch v. Guex,* 677 S.W.2d 25, 30 (Tex.1984) (emphasis added).

■ Finally, we must scrutinize the rules governing institution of garnishment proceedings in Texas to determine if there exists therein any statutory authority authorizing the recovery of attorneys' fees by a garnishor. Rules 657 to 679 of the Texas Rules of Civil Procedure govern garnishment actions in Texas, and Rule 677 governs the allocation of costs in a garnishment proceeding:

> Where the garnishee is discharged upon his answer, the costs of the proceeding, *including a reasonable compensation to the garnishee,* shall be taxed against the plaintiff; where the answer of the garnishee has not been controverted and the garnishee is held thereon, such costs shall be taxed against the defendant and included in the execution provided for in this section; where the answer is contested, the costs shall abide the issue of such contest (emphasis added).

TEX.R.CIV.P. 677. This rule has consistently been construed to afford *the garnishee* recovery of attorneys' fees expended in answering the writ of garnishment. *Go Int'l, Inc. v. Big–Tex Crude Oil Co.,* 531 S.W.2d 208, 211 (Tex.Civ.App.—Eastland 1975, no writ); *Pan Am. Nat'l Bank v. Ridgway,* 475 S.W.2d 808, 809 (Tex.Civ.App.—San Antonio 1972, writ ref'd n.r.e.); *May v. Donalson,* 141 S.W.2d 702, 706 (Tex.Civ.App.—San Antonio 1940, no writ). The policy behind this construction is sound: the garnishee is a stranger to the underlying suit who happens to owe a debt to the judgment debtor. However, it is settled law that once a garnishee contests the garnishment proceeding and becomes an active litigant, it is no longer entitled to recover attorneys' fees, because "where the answer is contested, the costs shall abide the issue of such contest." Rule 677; *May,* 141 S.W.2d at 706. *See also Daniels v. Pecan Valley Ranch, Inc.,* 831 S.W.2d 372, 386 (Tex.App.—San Antonio 1992, writ denied), *cert. denied,* —— U.S. ——, 113 S.Ct. 2944, 124 L.Ed.2d 692 (1993); *Holt's Sporting Goods of Lubbock v. American Nat'l Bank of Amarillo,* 400 S.W.2d 943, 946 (Tex.Civ.App.—Amarillo 1966, writ dism'd). On the other hand, if the judgment debtor is a party to the suit and unsuccessfully contests the garnishee's answer, the garnishee's attorneys' fees are assessed against him. *May,* 141 S.W.2d at 706. Nothing in Rule 677 allows the plaintiff/garnishor in a garnishment action to recover his attorneys' fees from the judgment debtor. Again,. we may not supply authority to award attorneys' fees by implication. *Guex,* 677 S.W.2d at 30. *See also Robertson v. Robertson,* 608 S.W.2d 245, 247 (Tex.Civ. App.—Eastland 1980, no writ) (stating that court could find no substantive law permitting attorney's fees in a suit to collect on a judgment). If the supreme court had intended that garnishors could recover attorneys' fees under these rules, they would have provided for it, just as the legislature provided for the recovery of attorneys' fees in the Turnover Statute. *See* TEX.CIV.PRAC. & REM. CODE ANN. § 31.002(e) (Vernon 1986) (providing for recovery of attorneys' fees in a turnover proceeding).

■ Therefore, we hold that as a matter of law, attorney fees are not recoverable by the garnishor in a garnishment action, and that the trial court erred in granting appellee summary judgment for attorneys' fees. Appellants' first point of error is sustained.

Appellants' second point of error claims the trial court erred in granting summary judgment, because a material fact issue exists as to whether the attorneys' fees awarded to appellant were reasonable. Because we find no authority for the award of attorneys' fees to the garnishor in a garnishment

action, the question of whether such attorneys' fees are reasonable is moot.

In appellants' third point of error, they contend that the trial court erred in providing for a particular allocation of the garnished funds. Again, because we hold that the garnishor may not recover attorneys' fees in a garnishment proceeding, the portion of the summary judgment order allocating the funds first to attorneys' fees is negated.

We reverse the judgment of the trial court and remand with instructions that the summary judgment order granting appellee attorneys' fees in the garnishment action be set aside. Because the issue of appellants' counterclaim for usury is not before us on appeal, we do not address the disposition of that claim upon the setting aside of the summary judgment.

So ordered.