NUMBER 13-00-739-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

________________________________________________________

FIRST NATIONAL BANK OF EL CAMPO, TEXAS , Appellant,


v.


JOHN S. JOYCE, INDIVIDUALLY AND 

D/B/A JOYCE GENETICS , Appellee.

________________________________________________________

On appeal from the 329TH District Court

of Wharton County, Texas.

________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Yanez and Castillo

Opinion by Chief Justice Valdez


First National Bank of El Campo appeals the trial court's dissolution of a Writ of Garnishment sought against Vivian Joyce,
on the grounds the trial court's decision was based upon insufficient evidence. 

Statement of Facts

Plaintiff, First National Bank of El Campo, Texas ("FNB"), obtained a judgement against John Joyce and Joyce Genetics 
in the amount of $57,135.78. FNB then obtained a writ of garnishment which was served upon the garnishee, the
Community State Bank of Boling, Texas ("Community State Bank"). Community State Bank responded to the writ of
garnishment indicating it was indebted to Vivian Joyce ("Joyce"), the wife of John Joyce, by holding one checking account
and three certificates of deposit (CDs). Subsequently, Joyce filed a motion to dissolve the writ of garnishment, asserting
the bank accounts held at Community State Bank were her separate property and, therefore, not subject to garnishment for
John Joyce's debts. At the hearing on Joyce's motion to dissolve, the trial court entered an order, finding the three CDs and
the checking account were the separate property of Joyce and therefore not subject to the writ of garnishment. 

FNB asserts the court erred on three grounds. First, they argue Joyce failed to rebut the community property presumption
because she failed to show by clear and convincing evidence the property was separate, as she did not trace and clearly
identify the source and amounts of property she claimed to be separate. Second, FNB claims, that even if some of the
money in the accounts was separate property, any interest accruing on the separate property is community property as a
matter of law. Third, FNB argues the court had no legal authority to award Joyce attorneys' fees.

Joyce responds that she met her burden of proof by her testimony stating the accounts were her separate property because
she inherited them from her mother. Analysis

The first issue is whether the CDs and the checking account were correctly characterized as separate property. Property
possessed by either spouse during the marriage is presumed to be community property. Tex Fam. Code Ann. § 3.003(a)
(Vernon 1998). In order to overcome the presumption, a party claiming separate property must show by clear and
convincing evidence that the property is separate. Tex Fam. Code Ann. § 3.003(b) (Vernon 1998). FNB contends Joyce
did not meet her burden, so the CDs and the checking account are community property. 

Standard of Review

The clear and convincing burden of proof is an intermediate standard of proof falling between the preponderance of
evidence standard of civil proceedings and the reasonable doubt standard of criminal proceedings. In the Interest of D.T.,
34 S.W. 3d 625, 631(Tex. App.-Fort Worth, 1995, no writ). When reviewing the factual sufficiency of the evidence under
the clear and convincing burden of proof, the standard of review is whether the evidence to support the finding is so weak
or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered. Faram v.
Gervitz-Faram, 895 S.W.2d 839, 842 (Tex. App.-Fort Worth, 1995, no writ). In reviewing a factual sufficiency point, the
court must weigh and consider all of the evidence in the record. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996).

Joyce testified she inherited the three CDs and checking account upon her mother's death. In addition, Joyce testified she
was named on her mother's bank account before her mother died. Further, she testified she did not add any additional
funds to the CDs, and the CDs are automatically renewed. In a non-jury case, if there are questions of fact, the trial court is
the finder of fact and as such is the judge of the credibility of the witnesses and the weight to be given their testimony. 
Medlin v. Medlin, 830 S.W.2d 353, 354 (Tex. App.-Amarillo 1992, writ denied).

In addition to the testimony, copies of the three CDs were offered as exhibits. After reviewing the CDs, we find the terms
of the CDs corresponds with Joyce's testimony. The CDs indicate they will automatically renew on each succeeding
maturity date. Further, each of the CDs in question states it "evidences a deposit in the name of Vivian Joyce." Also,
where the CDs were pledged as collateral, Joyce is the only named party and hers is the only signature stating the account
holder. Therefore, we hold Joyce's testimony, in addition to the exhibits of the CDs, was factually sufficient evidence to
support the trial court's finding that the three CDs were her separate property. Issue one is overruled. 

Next, FNB asserts that even if the money in the accounts is separate property, any interest accruing on the separate property
is community property as a matter of law. Interest income earned on separate property is community property. Braden v.
Gose, 57 Tex. 37 (Tex. 1882). Joyce testified that the interest in her CDs was deposited directly into the checking account
and there was no evidence which disputed this testimony. Hence, any interest deposited in her checking account is
community property and may be subject to the garnishment. Therefore, we find there is factually insufficient evidence to
uphold the trial court's finding that the checking account is Joyce's separate property. Issue two is sustained. 

Last, FNB claims the court had no legal authority to award Joyce attorneys' fees. A prevailing party in a suit may recover
attorneys' fees only if there is a contractual or statutory ground for the award. Henry v. Insurance Co. of North America,
879 S.W.2d 366, 368 (Tex. App.-Houston [14th Dist.] 1994, no writ). However, a garnishment action is an enforcement
suit, not a suit on a contract. Id. Further, section 38.001 of the Texas Civil Practice and Remedies Code does not afford
Joyce the award of any attorneys' fees. Tex. Civ. Prac. & Rem. Code Ann. §38.001 (Vernon 1997). Garnishment actions
are not among the claims for which attorneys' fees may be awarded pursuant to section 38.001. Henry, 879 S.W.2d at 369. 
Joyce has not cited the Court to any contractual or statutory ground on which to base an award of attorneys' fees, and our
search reveals none. Therefore, the Court reverses the award of attorneys' fees and renders judgment that Joyce recover no
attorneys' fees. See Tex. R. App. P. 43.3. Issue three is sustained. Conclusion The trial court's order concerning the three
CDs is AFFIRMED; however, the trial court's order concerning the checking account is REVERSED and REMANDED,
for a new hearing; and the trial court's award of attorneys' fees is REVERSED AND RENDERED.



ROGELIO VALDEZ

Chief Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 12th day of July, 2001.