NO.
12-05-00159-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

PHIL CAMPBELL AND GINA STUCKI,  §                      APPEAL
FROM THE 321ST

APPELLANTS

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

PAUL DANIEL STUCKI,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


OPINION








            Phil
Campbell and Gina Lee Stucki appeal two orders of the trial court, presenting
six issues for our review.  We reverse
and remand. 

 

Background

            On
August 27, 2004, the trial court reformed its decree of divorce between Gina
and Paul Daniel Stucki.  Gina was awarded
child support and a fifty percent interest in Paul’s insurance renewal
commissions payable on policies written before May 26, 2004.  Campbell, Gina’s attorney, was awarded
attorney’s fees.[1]  The trial
court issued writs of garnishment against Bankers Life and Casualty Company on
December 9, 2004 and January 4, 2005. 
Bankers Life filed an answer admitting that it was indebted to Paul.[2]








 
On January 20, 2005, Paul, appellee and judgment debtor, filed an
amended motion to dissolve the writs of garnishment.  In the motion and attached affidavit, Paul
stated that two writs of garnishment were issued to his employer, Bankers Life,
and that the funds being held by Bankers Life represented the entire amount of
his current wages, less child support. 
Paul stated that these funds were exempt from garnishment pursuant to
section 63.004 of the Texas Civil Practice and Remedies Code and Article XVI,
Section 28 of the Texas Constitution.

            Campbell
and Gina denied Paul’s claim that these funds were exempt from garnishment.
They noted that Paul made certain admissions regarding his relationship with
Bankers Life in response to their requests for admissions.  Specifically, Campbell and Gina stated that
Paul admitted he was an independent contractor under the terms of his agency
contract with Bankers Life.  Because he
was paid commissions, not wages and salary, Campbell and Gina maintained that
the funds were the proper subject of a garnishment action.  On January 21, the trial court held a hearing
on the writs of garnishment.  On that
same date, the trial court issued a letter ruling dissolving the writs.  The trial court found that Paul was an
independent contractor for Bankers Life, but concluded that he received
compensation for personal services that was exempt pursuant to Article XVI,
Section 28 of the Texas Constitution. 
The order dissolving the writs of garnishment was signed by the trial
court on January 24.  The trial court
also ordered that attorney’s fees in the amount of $2,000 for Paul’s attorney
and $2,000 for Bankers Life’s attorney be taxed against Campbell and Gina.

            On
January 28, Paul filed a motion for release of funds following the dissolution
of the writs of garnishment, requesting that the trial court enter an order
allowing the withdrawal of any and all funds that had been or would be
deposited into the registry of the court by Bankers Life.  Bankers Life filed a motion for interpleader
on January 31, depositing the disputed funds into the registry of the trial
court.  On the same date, the trial court
coordinator sent a notice of hearing on Paul’s motion to the attorneys of
record, setting the hearing for February 4 at 8:30 a.m.  Also on January 31, the trial court signed an
order to release the funds deposited into the registry of the court for Paul’s
benefit.  The trial court also ordered
that attorney’s fees in the amount of $2,000 for Paul’s attorney and $2,000 for
Bankers Life’s attorney be taxed against Campbell and Gina.  On February 9, Campbell and Gina filed a
motion to set aside both orders, stating that the order dissolving the writs of
garnishment was signed by the trial court only three days after the hearing, no
copy of the order was served on the opposing parties, and the order did not
include a signature line for the opposing attorneys to approve the order as to
form.  Further, Campbell and Gina stated
that the order to release the garnished funds was signed by the trial court
before the date set for the hearing on the motion to release the funds and no
proposed order was provided to the opposing attorneys before the order was
signed.  Campbell and Gina alleged that
these actions by the trial court violated their constitutional due process
rights and the local rules of Smith County regarding hearings and entering of
orders after a hearing.  This appeal
followed. 

 

Garnishment

            In
their first issue, Campbell and Gina contend that the trial court erred in
concluding that the insurance commissions, both first year and renewal, payable
to Paul were “compensation for personal services” and exempt from garnishment. 

Standard of Review

            We
review questions of law de novo. State v. Heal, 917 S.W.2d 6, 9
(Tex. 1996); Barber v. Colorado Indep. Sch. Dist., 901 S.W.2d
447, 450 (Tex. 1995).  The standard of
review for conclusions of law is whether they are correct.  Dickerson v. DeBarbieris, 964 S.W.2d
680, 683 (Tex. App.–Houston [14th Dist.] 1998, no pet.).  We will uphold conclusions of law on appeal
if the judgment can be sustained on any legal theory the evidence
supports.  Material P’ships, Inc.
v. Ventura, 102 S.W.3d 252, 257 (Tex. App.–Houston [14th Dist.] 2003,
pet. denied).  Thus, incorrect
conclusions of law do not require reversal if the controlling findings of fact
support the judgment under a correct legal theory.  Id. 

Applicable Law

            Article
XVI, Section 28 of the Texas Constitution states that “[n]o current wages for
personal service shall ever be subject to garnishment, except for the
enforcement of court-ordered child support payments.”  Tex.
Const. art. XVI, § 28; Tex. Civ.
Prac. & Rem. Code Ann. § 63.004 (Vernon Supp. 2006).  This statute should be liberally construed in
favor of the wage earner. Davidson Texas, Inc. v. Garcia, 664
S.W.2d 791, 793 (Tex. App.–Austin 1984, no writ); King v. Floyd,
538 S.W.2d 166, 168 (Tex. Civ. App.–Houston [1st Dist.] 1976, writ dism’d  n.r.e.) (citing Radford Grocery Co. v.
McKean, 41 S.W.2d 639, 640 (Tex. Civ. App.–Fort Worth 1931, no writ)).  The term “wages for personal service”
necessarily implies a relationship of master and servant, or employer and
employee, and excludes compensation due to an independent contractor as
such.  Brasher v. Carnation Co.,
92 S.W.2d 573, 575 (Tex. Civ. App.–Austin 1936, writ dism’d). 

Analysis

            In
response to requests for admissions, Paul admitted that he was an independent
contractor under the terms of his agency contract with Bankers Life.  At trial, Jerald Lynn Ellis, the Tyler branch
manager for Bankers Life, testified that Paul operated under an agency contract
with Bankers Life, which stated that he was an independent contractor.  Further, Ellis described Paul’s business
relationship with Bankers Life and stated that Paul was an independent
contractor, not an employee. The trial court then found that Paul was an
independent contractor.  Campbell and
Gina do not challenge this finding.  They
challenge only the trial court’s conclusion that Paul’s commissions are exempt
from garnishment.

            As
previously stated, the term “wages for personal service” excludes compensation
due to an independent contractor as such. 
Id.  Because the
trial court found that Paul was an independent contractor, his commissions are
not “wages for personal service” and are not exempt from garnishment.  See Pitts, 545 S.W.2d at 36; Shahan
v. Biggs & Co., 123 S.W.2d 686, 690 (Tex. Civ. App.–Fort Worth
1938, no writ); Brasher, 92 S.W.2d at 575.  Therefore, the trial court’s conclusion that
Paul received compensation for personal service that was exempt from
garnishment was incorrect as a matter of law. 
See Dickerson, 964 S.W.2d at 683.  Campbell and Gina’s first issue is sustained.

 

Award of
Attorney’s Fees to Paul’s Attorney

            In
their second issue, Campbell and Gina contend that the trial court abused its
discretion by awarding Paul’s attorney $2,000 in attorney’s fees against them
in the order dissolving the writs of garnishment.  A trial court’s decision to award attorney’s
fees is reviewed for an abuse of discretion. 
Ridge Oil Co., Inc. v. Guinn Invs., Inc., 148 S.W.3d 143,
163 (Tex. 2004).  Generally, the
prevailing party in a suit may recover costs from the opposing party.  Tex.
R. Civ. P. 131.  However, attorney’s
fees may not be recovered unless provided for by statute or by contract between
the parties.  Dallas Cent.
Appraisal Dist. v. Seven Inv. Co., 835 S.W.2d 75, 77 (Tex. 1992); Henry
v. Ins. Co. of N. America, 879 S.W.2d 366, 368 (Tex. App.–Houston [14th
Dist.] 1994, no writ).  In the rules of
civil procedure regarding garnishment, the only rule providing for the recovery
of costs allows the garnishee, not a judgment debtor, to recoup attorney’s fees
under certain circumstances.  Tex. R. Civ. P. 677.  The civil practice and remedies code does not
provide for the recovery of attorney’s fees by a judgment debtor.  See
Tex. Civ. Prac. & Rem. Code Ann. §§ 63.001-.003, 63.005 (Vernon
1997), §§ 63.004, 63.006-.008 (Vernon Supp. 2006).  Moreover, we can find no case law allowing a
judgment debtor to recover attorney’s fees. 

            Further,
Paul did not request attorney’s fees in his motion to dissolve the writs of
garnishment.  A judgment must be
supported by the pleadings and, if not, it is void.  R. Conrad Moore & Assoc., Inc. v.
Lerma, 946 S.W.2d 90, 96 (Tex. App.–El Paso 1997, writ denied); State
v. Estate of Brown, 802 S.W.2d 898, 900 (Tex. App.–San Antonio 1991, no
writ).  A party may not be granted relief
in the absence of pleadings to support that relief.  Lerma, 946 S.W.2d at 96; Estate
of Brown, 802 S.W.2d at 900. 
Absent a mandatory statute, a trial court’s jurisdiction to render a
judgment for attorney’s fees must be invoked by pleadings, and a judgment not
supported by pleadings requesting attorney’s fees is a nullity.  Lerma, 946 S.W.2d at 96; Estate
of Brown, 802 S.W.2d at 900. 
Because Paul did not request attorney’s fees and there is no mandatory
statute or rule that provides for a judgment debtor to recovery attorney’s
fees, we conclude that the trial court abused its discretion when it awarded
attorney’s fees to Paul’s attorney.  Campbell
and Gina’s second issue is sustained.

 

Award of
Attorney’s Fees to Bankers Life’s Attorney

            In
their third issue, Campbell and Gina argue that the trial court erred by
awarding Banker’s Life’s attorney $2,000 in attorney’s fees against them in the
order dissolving the writs of garnishment. 
Campbell and Gina argue that Paul’s amended motion to dissolve the writs
of garnishment should have been denied and that if they had been successful in
garnishing any funds on deposit with Bankers Life, the award of attorney’s fees
to Bankers Life should have been assessed against the funds garnished from
Paul.  As authority for their contention,
Campbell and Paul cite Henry v. Insurance Co. of N. Am., 879
S.W.2d 366, 369 (Tex. App.–Houston [14th Dist.] 1994, no writ).  The court in Henry relied upon
Texas Rule of Civil Procedure 677 regarding costs in a garnishment proceeding,
which states as follows:

 

Where the garnishee
is discharged upon his answer, the costs of the proceeding, including a
reasonable compensation to the garnishee, shall be taxed against the plaintiff;
where the answer of the garnishee has not been controverted and the garnishee
is held thereon, such costs shall be taxed against the defendant and included
in the execution provided for in this section; where the answer is contested,
the costs shall abide the issue of such contest.

 

 

Tex. R. Civ.
P. 677.  In its opinion, the court stated that this
rule has consistently been construed to afford the garnishee recovery of attorney’s
fees expended in answering the writ of garnishment. Henry, 879
S.W.2d at 869.  Further, the court
determined that “if the judgment debtor is a party to the suit and
unsuccessfully contests the garnishee’s answer, the garnishee’s attorney’s fees
are assessed against him.”  Id.  In this case, the judgment debtor, Paul,
successfully contested the garnishee’s answer in the trial court and his motion
to dissolve the writs of garnishment was granted.  However, we previously concluded that the
writs of garnishment were dissolved in error. Because Paul now becomes the
unsuccessful party in the contest, Banker’s Life’s attorney’s fees, if any,
should be taxed against the unsuccessful litigant of the contest, Paul.  See Tex.
R. Civ. P. 677.  Campbell and Gina’s
third issue is sustained.

 

Local Rules

            In
their fifth issue, Campbell and Gina contend that the trial court erred by
signing the order dissolving the writs of garnishment because it failed to
comply with the local rules of Smith County regarding entering orders after a
hearing.  Campbell and Gina point out
that rule 5 of the Local Smith County Rules of Civil Trial provides for a
hearing if the parties cannot agree on the form of an order after a contested
hearing.  Smith Co. (Tex.) Loc. R. Civ. Trial 5.   Although rule 5 of the Local Rules of Civil
Trial requires moving counsel to amend a proposed order or request a hearing if
objections to the form or the substance of the order are made, we conclude that
rule 13 of the Local Rules of Practice Family Law Cases governs this case.  Smith
Co. (Tex.) Loc. R. Civ. Trial 5; Smith Co. (Tex.) Loc. R. Practice Fam. Law 13.
 Local Rule 13 has no such
mandate, but states that if an objection to a proposed order is received, the
trial court may, but is not required, to set the matter for hearing.  Smith
Co. (Tex.) Loc. R. Practice Fam. Law 13.  Because the trial court was not required to
set a hearing on a proposed order, we conclude that the trial court did not
violate this portion of rule 13 of the Local Rules of Practice Family Law.  See Smith
Co. (Tex.) Loc. R. Practice Fam. Law 13. 

            Campbell
and Gina also contend that the trial court signed the order on the same day
that the proposed order was submitted to the trial court and the other parties
in contravention of the local rules. 
They did not point out which local rule they contend was violated by the
trial court’s action. Local Rule 13 states that after a proposed motion has
been submitted to the trial court, the order will be submitted if no objection
to the proposed order is received within ten days.  Smith
Co. (Tex.) Loc. R. Practice Fam. Law 13.  The order dissolving the writs of garnishment
was signed on January 24, only three days after the trial court’s letter ruling
and, thus, before the expiration of the ten days allowed for the other party or
parties to object.  However, as a
prerequisite to presenting a complaint for appellate review, the record must
show that the complaint was made to the trial court by a timely request, objection,
or motion that stated the grounds for the ruling that the party sought from the
trial court with sufficient specificity to make the trial court aware of the
complaint. Tex. R. App. P. 33.1(a)(1)(A).  In this case, Campbell and Gina filed a
motion to set aside the order dissolving the writs of garnishment on February
9, sixteen days after the order was signed. Moreover, the trial court must have
ruled on the request, objection, or motion either expressly or implicitly or
refused to rule on the request, objection, or motion, and the complaining party
objected to the refusal.  Tex. R. App. P. 33.1(a)(2)(A),
(B).  Campbell and Gina never asked the
trial court to rule on their motion to set aside this order.  Because their objection to the order was not
timely and the trial court was never asked to rule on their motion, Campbell
and Gina waived their complaint that the trial court violated the local rules. 

            Campbell
and Gina’s fifth issue is overruled.

 

Order to
Release Funds

            In
their fourth issue, Campbell and Gina contend that the trial court erred in
awarding attorney’s fees to both Paul’s attorney and Bankers Life’s attorney in
the order to release funds. Because the trial court did not hear Paul’s motion
for release of garnished funds, they argue that there was no evidence of
attorney’s fees.  In their sixth issue,
Campbell and Gina argue that the trial court erred by signing the order to
release funds in violation of their constitutional due process rights and in
violation of the local rules of Smith County regarding hearings and entering
orders after a hearing.  Specifically,
they contend that the trial court signed the order to release funds on the same
date as the court coordinator scheduled a hearing on Paul’s motion for release
of the garnished funds.  Therefore, the
trial court never conducted a hearing on the motion in violation of their due
process rights and the local rules. 

             The Fourteenth Amendment of the United States
Constitution protects against deprivation of life, liberty, or property by the
State “without due process of law.”  U.S. Const. amend. XIV, § 1; Covarrubias
v. Tex. Dep’t Criminal Justice-Inst. Div., 52 S.W.3d 318, 324 (Tex.
App.–Corpus Christi 2001, no pet.).  The
Texas Constitution states that no citizen of this state shall be deprived of
life, liberty, property, privileges or immunities, or in any manner
disfranchised, except by the “due course of the law of the land.”  Tex.
Const. art. I, § 19.  In the area
of procedural due process, the protections afforded under the Texas Constitution
are congruent with those in the federal constitution.  Ray v. Tex. State Bd. of Pub.
Accountancy, 4 S.W.3d 429, 433 (Tex. App.–Austin 1999, no pet.).  “An elementary and fundamental requirement of
due process in any proceeding which is to be accorded finality is notice
reasonably calculated, under the circumstances, to apprise interested parties
of the pendency of the action and afford them an opportunity to present their
objections.”  Armstrong v. Manzo,
380 U.S. 545, 550, 85 S. Ct. 1187, 1190, 14 L. Ed. 2d 62 (1965).  In other words, due process at a minimum
requires notice and an opportunity to be heard at a meaningful time and in a
meaningful manner.  Covarrubias,
52 S.W.3d at 324; Ray, 4 S.W.3d at 433.  Some Texas courts have also defined the
minimum as requiring the presence of the “rudiments of fair play.”  Ray, 4 S.W.3d at 433 (citing State
v. Crank, 666 S.W.2d 91, 94 (Tex. 1984)). 

            In
this case, on January 28, Paul filed his motion for release of funds following
dissolution of the writs of garnishment. 
On January 31, Bankers Life deposited the disputed funds into the
registry of the court and the trial court coordinator set a hearing on Paul’s
motion for February 4. Also on January 31, the trial court signed an order to
release the funds deposited into the registry of the court and awarded attorney’s
fees to Paul’s and Bankers Life’s attorneys. 
There was no hearing on Paul’s motion. 
Rule 21 of the Texas Rules of Civil Procedure states that any notice of
hearing shall be served upon all other parties not less than three days before
the time specified for the hearing.  Tex. R. Civ. P. 21.  Although Campbell and Gina were served with
notice of the hearing within the time allowed, the trial court did not hear the
motion, but signed it on the day that the notice of hearing was sent.  By its actions, the trial court deprived
Campbell and Gina of the fundamental requirement of due process, an opportunity
to be heard.  See Armstrong,
380 U.S. at 550, 85 S. Ct. at 1190; Covarrubias, 52 S.W.3d at 324;
Ray, 4 S.W.3d at 433. 
Because Campbell and Gina were deprived of any opportunity to be heard
on Paul’s motion, they were denied fundamental due process when the trial court
signed the order releasing the garnished funds from the registry of the court and
awarding attorney’s fees to Paul’s attorney and Bankers Life’s attorney.  See Armstrong, 380 U.S. at 550,
85 S. Ct. at 1190.  Campbell and Scott’s
fourth and sixth issues are sustained.

 

Reply Brief

            In
their reply brief, Campbell and Gina contend that res judicata precludes the
trial court’s ruling on Paul’s renewal commissions and that section 9.011(b) of
the Texas Family Code created a fiduciary obligation for Paul and, thus, his
renewal commissions were held in constructive trust for Gina’s benefit.  Paul did not file an appellee’s brief.  Bankers Life’s brief addressed only the
issues regarding its awards of attorney’s fees. 
An appellant may file a reply brief addressing any matter in the
appellee’s brief.  Tex. R. App. P. 38.3.  However, a reply brief is not intended to
allow Campbell and Gina to raise new issues. 
See Tex. R. App. P. 38.3;
Lopez v. Montemayor, 131 S.W.3d 54, 61 (Tex. App.–San Antonio
2003, no pet.).  Therefore, these
arguments are not properly before this court. 
See Lopez, 131 S.W.3d at 61. 

            Campbell
and Gina also contend in their reply brief that this appeal is not moot.  They expressly couched their argument against
mootness out of an abundance of caution that such issue may have been raised by
Bankers Life in its brief. Bankers Life mentioned in its statement of facts
that on June 14, 2003, the trial court ordered that the garnished funds in
possession of Bankers Life be paid to Paul, endorsed by Paul for deposit into
his attorney’s trust account, and paid directly to the Internal Revenue Service
for payment of federal income taxes owed jointly by Paul and Gina. Paul did not
file a brief; thus, we take these facts as true.  See Tex.
R. App. P. 38.1(g).  Bankers Life
also attached the agreed order to its brief. 
A court’s post judgment orders regarding disputed funds cannot moot the
appeal of the judgment itself.  Wrigley
v. First Nat’l Security Corp., 104 S.W.3d 259, 263 (Tex. App.–Beaumont
2003, no pet.).  Thus, Campbell and Gina’s
appeal is not moot. 

 

Disposition

            Having
sustained Campbell and Gina’s first, second, third, fourth, and sixth issues,
we reverse the order dissolving the writs of garnishment and the
order to release the garnished funds and remand this case to the
trial court for proceedings consistent with this opinion. 

                                                                                    

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered March 30, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] We take judicial notice of the August 27, 2004
divorce decree, which is included in the appellate record in our cause number
12-04-00290-CV. See In re Estate of York, 934 S.W.2d 848, 851
(Tex. App.–Corpus Christi 1996, no writ); see also Tex. R. Evid. 201(c).





[2] These allegations regarding the issuance of
the writs of garnishment and the filing of Bankers Life’s answer were included
in Campbell and Gina’s brief. Paul did not file a brief; thus, we take these
facts as true. See Tex. R. App.
P. 38.1(g).