# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00365-CV

**Pallida, LLC, Successor in Interest of Pharia, L.L.C., Appellant**

**v.**

**Diane R. Uballe, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-16-0126376, HONORABLE ERIC M. SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Pallida, LLC, appeals from a final judgment in a post-judgment garnishment proceeding against Prosperity Bank for funds held on behalf of judgment debtor Diane Uballe. *See* Tex. Civ. Prac. & Rem. Code §§ 63.001-.008. Because we conclude that the trial court erred in awarding attorney's fees to Uballe, we reverse that portion of the trial court's judgment and render judgment that Uballe take nothing on that claim. In all other respects, we affirm the judgment of the trial court.

## BACKGROUND LAW

Garnishment is an ancillary proceeding by which property or money of a debtor (or defendant) that is in the possession of a third-party garnishee is applied to the payment of a debt owed by the debtor to the garnishor (plaintiff or creditor). *National City Bank v. Texas Capital Bank, N.A.*, 353 S.W.3d 581, 584 (Tex. App.—Dallas 2011, no pet.); *Zeecon Wireless Internet, LLC*

*v. American Bank of Tex., N.A.*, 305 S.W.3d 813, 816 (Tex. App.—Austin 2010, no pet.); *see Park v. Western Union Fin. Servs., Inc.*, No. 03-08-00292-CV, 2009 WL 3486373, at *3 (Tex. App.—Austin Oct. 30, 2009, no pet.) (mem. op.) (explaining that garnishment action "is not an original suit, but an ancillary proceeding that takes its jurisdiction from the underlying suit"). Garnishment proceedings in Texas are governed by Chapter 63 of the Texas Civil Practice and Remedies Code and by Rules 657 through 679 of the Texas Rules of Civil Procedure. *See* Tex. Civ. Prac. & Rem. Code §§ 63.001-.008; Tex. R. Civ. P. 657-679. Because garnishment is a creature of statute, garnishment proceedings cannot be sustained unless they strictly conform to the statutory requirements and related rules governing such proceedings. *Zeecon Wireless Internet*, 305 S.W.3d at 816 (citing *Beggs v. Fite*, 106 S.W.2d 1039, 1042 (Tex. 1939)).

Under Rule 664a, a defendant whose property has been garnished may seek to vacate, dissolve, or modify a writ of garnishment for any grounds or cause, extrinsic or intrinsic, by filing a sworn written motion. Tex. R. Civ. P. 664a. "The writ shall be dissolved unless, at [the] hearing [on the motion to dissolve], the plaintiff shall prove the grounds relied upon for its issuance." *Id.* In a post-judgment garnishment proceeding, this means that the garnishor must prove that it has a valid, subsisting judgment.[1] *Thompson v. Harco Nat'l Ins. Co.*, 997 S.W.2d 607, 612 (Tex. App.—Dallas 1998, pet. denied), *overruled in part on other grounds by John v. Marshall Health Servs., Inc.*, 58 S,W.3d 738, 741 (Tex. 2001) (per curiam). "Apart from proof of the grounds supporting issuance of the writ, the party moving to dissolve the writ bears the burden to prove the ground for dissolution." *Walnut Equip. Leasing Co. v. J-V Dirt & Loam*, 907 S.W.2d 912, 915 (Tex.

---

[1] Unless a supersedeas bond is filed, the judgment is deemed final and subsisting for purposes of post-judgment garnishment from and after the date it is signed. Tex. R. Civ. P. 657.

App.—Austin 1995, writ denied). The court's determination on the motion may be based on uncontroverted affidavits, "setting forth such facts as would be admissible in evidence." Tex. R. Civ. P. 664a. Otherwise, the parties shall submit evidence. *Id.*

## FACTUAL BACKGROUND

In the suit underlying this garnishment proceeding, Pharia LLC sought to collect on an outstanding credit card debt owed by Uballe.[2] After multiple failed attempts to personally serve Uballe at her residence, Pharia filed a motion for substituted service supported by affidavit. *See* Tex. R. Civ. P. 106 ("Method of Service"). The trial court granted the motion and signed an order for substituted service that authorized notice of the suit by "attaching a true copy of the citation and petition securely to the front door/entry way," and the return of service indicates that service was accomplished in accordance with the court's order. In September 1999, after Uballe failed to file an answer, Pharia obtained a default judgment against Uballe in the amount $19,185.57, together with $400 in attorney's fees and court costs. No direct appeal or bill of review was ever filed by Uballe.

On December 29, 2016, Pallida, as successor in interest to Pharia, filed an application for writ of garnishment against Prosperity Bank pursuant to Section 63.001(3) of the Texas Civil Practice and Remedies Code.[3] The application, supported by affidavit, states that Pallida believes

---

[2] Because Uballe did not file a brief, we accept any factual statements made in Pallida's brief as true. *See* Tex. R. App. P. 38.1(g) (noting that "[i]n a civil case, court will accept as true the facts stated unless another party contradicts them" and that statement of facts in brief "must be supported by record references").

[3] Under Texas Civil Practice and Remedies Code section 63.001, a writ of garnishment is available if:

that Prosperity Bank is holding property belonging to Uballe that could be used to satisfy the 1999 default judgment and that, to the best of its knowledge, no other such property exists in the State of Texas. *See* Tex. Civ. Prac. & Rem. Code § 63.001(3). Pallida also attached a sworn copy of the 1999 default judgment, which according to Pallida is "valid, subsisting, and completely unsatisfied." The writ of garnishment was issued by the clerk of the court that same day, and notice of the garnishment was sent to Uballe. *See id.* § 63.002 ("Who May Issue").

On January 21, 2018, Uballe filed a motion to dissolve the writ of garnishment. *See* Tex. R. Civ. P. 664a. In her motion, supported by her own affidavit, Uballe argued that the writ of garnishment must be dissolved because "the judgment in [the] underlying suit [is] 'invalid and of no effect'" and because the writ of garnishment is defective and unenforceable. Pallida filed a response to the motion to dissolve with supporting documentation that, in its view, demonstrates that Uballe "has had notice of all legal proceedings." Following a non-evidentiary hearing on Uballe's

---

(1) an original attachment has been issued;

(2) a plaintiff sues for a debt and makes an affidavit stating that:

    (A)    the debt is just, due, and unpaid;
    (B)    within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the debt; and
    (C)    the garnishment is not sought to injure the defendant or the garnishee; or

(3) a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution to satisfy the judgment.

Tex. Civ. Prac. & Rem. Code § 63.001.

4

motion, the trial court signed an order dissolving the garnishment without stating the ground on which it relied. Pallida filed a motion to reconsider, which was denied.

In three issues on appeal, Pallida challenges the trial court's decision to grant Uballe's motion to dissolve the writ of garnishment and the trial court's award of attorney's fees.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion to dissolve a writ of garnishment under an abuse-of-discretion standard. *General Elec. Capital Corp. v. ICO, Inc.*, 230 S.W.3d 702, 705 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *see Carter v. Cline*, No. 03-10-00855-CV, 2011 WL 4924214, at *3 (Tex. App.—Austin Oct. 13, 2011, no pet.) (mem. op.). A trial court abuses its discretion if it acts without reference to guiding rules or principles or in an arbitrary or unreasonable manner. *General Elec. Capital*, 230 S.W.3d at 702.

To the extent our review of the trial court's decision turns on construction of the Texas Rules of Civil Procedure, we review these issues de novo. When construing these rules, we apply the same rules of construction that we use when construing statutes. *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 437 (Tex. 2007); *Assignees of Best Buy v. Combs*, 395 S.W.3d 847, 864 (Tex. App.—Austin 2013, pet. denied). Our primary objective is to give effect to the drafter's intent, which we discern from the plain and common meaning of the rule's language. *Assignees of Best Buy*, 395 S.W.3d at 864.

**ANALYSIS**

*Dissolution*

In its first and second issues on appeal, Pallida asserts that the trial court "erred" in dissolving the post-judgment writ of garnishment.

As previously discussed, in her motion to dissolve, Uballe presented several independent grounds for dissolving the writ of garnishment. First, Uballe asserted that dissolution of the writ was required because the 1999 default judgment on which the garnishment proceeding was based is "invalid and of no effect." Specifically, Uballe argued that the underlying default judgment is unenforceable because she was not personally served with the lawsuit, she did not see the citation and petition posted on her door, and she did not otherwise receive actual notice of the lawsuit or of the resulting default judgment. Second, Uballe asserted that dissolution of the writ was necessary because Pallida failed to comply with certain procedural requirements for obtaining a writ of garnishment under Rule 658 and Rule 658a. According to Uballe, the writ is fatally defective because there is no written order granting Pallida's application with "specific findings of fact to support the statutory grounds found to exist" and because Pallida failed to post a bond.

In two related issues on appeal, Pallida asserts that the trial court "erred in dissolving the writ" because the requirements related to "specific findings of facts" and "bond for garnishment" found in Rule 658 and Rule 658a apply only to pre-judgment garnishments and not to post-judgment garnishments, the type of garnishment at issue in this case.[4] *See Simulis, L.L.C. v. G.E. Capital*

---

[4] In its first issue, Pallida asserts that the trial court "err[ed] as a matter of law" in granting Uballe's motion to dissolve garnishment on the ground that Pallida failed to file a bond. In its second issue, Pallida asserts that the trial court "err[ed] as a matter of law" in granting the motion to dissolve on the ground that the court had not issued an order with specific findings of fact. With

6

*Corp.*, 276 S.W.3d 109, 115 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (holding that requirements in second paragraph of Rule 658—including requirements that order contain "specific findings of fact to support the statutory grounds" and that it specify "the amount of bond required of the plaintiff"—apply only to pre-judgment applications for writ of garnishment). In effect, Pallida challenges the trial court's decision to dissolve the writ of garnishment on the ground that the writ itself is defective. Pallida does not, however, challenge the trial court's decision to dissolve the writ on the ground that the underlying default judgment is invalid.

When the trial court does not specify the basis for its ruling, as in this case, the appellant must attack all bases or grounds that support the judgment. *See Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 423 (Tex. App.—Dallas 2009, no pet.) ("An appellant must attack all independent bases or grounds that fully support a complained of ruling or judgment."); *Britton v. Texas Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("The rule that an appellant must attack all independent grounds supporting a judgment has been applied in many instances."); *see also Schuetz v. Source One Mortg. Servs. Corp.*, No. 03-15-00522-CV, 2016 WL 4628048, at *6 (Tex. App.—Austin Sept. 1, 2016, no pet.) (mem. op.) (noting that when trial court does not specify basis for summary judgment, appellate court must uphold ruling if appellant fails to attack all independent bases or grounds). When an appellant fails to challenge an independent ground for the complained-of ruling, we must uphold the ruling on that unchallenged ground. *Britton*, 95 S.W.3d at 681.

---

respect to both issues, Pallida argues that these requirements do not apply where, as in this case, the writ of garnishment is sought post-judgment. *See* Tex. Civ. Prac. & Rem. Code § 63.001(3).

7

Uballe's argument that the writ of garnishment must be dissolved because the underlying default judgment is "invalid and of no effect" is an independent ground that if meritorious would support the trial court's order.[5] Because Pallida has not challenged this independent ground, we must affirm the trial court's order dissolving the writ of garnishment. We overrule Pallida's first and second issues on appeal.

***Attorney's Fees***

In its third issue on appeal, Pallida asserts that the trial court "erred in awarding Uballe's attorney's fees" for successfully dissolving the writ of garnishment. In Texas, a litigant cannot recover attorney's fees unless permitted by statute or by contract between the parties. *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 95 (Tex. 1999). The availability of attorney's fees under a particular statute is a question of law that we review de novo. *Rogers v. Texas State Bd. of Pub. Accountancy*, 310 S.W.3d 1, 6 (Tex. App.—Austin 2008, no pet.) (citing *Holland*, 1 S.W.3d at 94); *see General Elec. Capital*, 230 S.W.3d at 709.

Allocation of costs, including attorney's fees, in garnishment proceedings is governed by Rule 677, which states:

> Where the garnishee is discharged upon his answer, the costs of the proceeding, including a reasonable compensation to the garnishee, shall be taxed against the

---

[5] In effect, Uballe's challenge to the 1999 default judgment is "an attempt to avoid the binding effect of a judgment in order to obtain specific relief that the judgment currently impedes" and, consequently, is a collateral attack. *See PNS Stores v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012). A collateral attack on a judgment may be brought in a garnishment proceeding, but to prevail, the judgment debtor must show that the underlying judgment is void. *Stewart v. USA Custom Paint & Body Shop*, 870 S.W.2d 18, 20 (Tex. 1994); *see Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985) (noting that errors other than jurisdictional deficiencies must be corrected on direct attack).

plaintiff; where the answer of the garnishee has not been controverted and the garnishee is held thereon, such costs shall be taxed against the defendant and included in the execution provided by this section, where the answer is contested, the costs shall abide the issue of such contests.

Tex. R. Civ. P. 677; *see General Elec. Capital*, 230 S.W.3d at 710 (compiling cases holding that term "costs" in Rule 677 includes attorney's fees). By its plain language, Rule 677 gives a garnishee the right to recover attorney's fees when certain criteria are satisfied. *Henry v. Insurance Co. of N. Am.*, 879 S.W.2d 366, 369 (Tex. App.—Houston [14th] 1994, no writ). Nothing in the Rule authorizes an award of attorney's fees to a debtor, like Uballe, against a garnishor. *See General Elec. Capital*, 230 S.W.3d at 710 ("The rule [677] does not provide for a debtor to recover attorney's fees, any more than it provides for a garnishor's recovery of fees."); *see Henry*, 879 S.W.2d at 369 (concluding that garnishor could not recover attorney's fees under Rule 677). We therefore sustain Pallida's third issue, and reverse that portion of the trial court's order awarding attorney's fees to Uballe.

## CONCLUSION

We reverse that portion of the trial court's judgment awarding attorney's fees and render judgment that Uballe take nothing on this claim. In all other respects, we affirm the trial court's judgment.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Field and Toth

Affirmed in Part; Reversed and Rendered in Part

Filed:   December 28, 2018